IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

  1. DAVITA INC.,

  2. KENT THIRY,

        Defendants.

### DEFENDANTS' JOINT RENEWED MOTION TO DISMISS

On November 3, 2021, the day after defendants filed their Joint Reply in Support of Motion to Dismiss (Dkt. 72), the government filed a superseding indictment. *See* Dkt. 74. Because the Superseding Indictment does not alter the legal issues raised by the original Indictment, defendants hereby jointly move to dismiss the Superseding Indictment in its entirety for the reasons stated in their initial Motion to Dismiss. *See* Dkt. 49. The parties have agreed by stipulation filed with the court, Dkt. 82, that no further briefing is necessary on this Renewed Motion to Dismiss, and that argument on this Renewed Motion should proceed on the date previously set by the Court, November 19, 2021, at 9:00 a.m., subject to the Court's approval.

### BRIEF DISCUSSION

The original Indictment charged defendants with two counts of conspiracy under Section 1 of the Sherman Act. Count 1 alleged that defendants and Surgical Care Affiliates agreed not to solicit each other's senior employees, Indictment ¶¶ 1-12, and Count 2 alleged that defendants

1

and Company B agreed that Company B would not solicit defendants' employees, *id.* ¶¶ 14-20. The original Indictment asserted that the agreements in both counts were *per se* illegal. *Id.* ¶¶ 9, 17. Defendants moved to dismiss the Indictment on the ground that the agreements identified in the two counts are not *per se* illegal, as a matter of law, because the agreements as alleged are not actually market-allocation agreements and therefore are not subject to the rule that market-allocation agreements are generally *per se* illegal. Mot. to Dismiss at 6-10. Further, defendants argued, there is no valid basis to declare the types of agreements alleged here *per se* illegal, *id.* at 10-14, and doing so for the first time in this criminal case would violate defendants' constitutional right to due process, *id.* at 14-16.

The Superseding Indictment leaves Counts 1 and 2 intact as originally pleaded, *see* Superseding Indictment ¶¶ 1-20. Counts 1 and 2 therefore fail as a matter of law for the reasons stated in the Motion to Dismiss. The Superseding Indictment adds Count 3, which (much like Count 2) charges that defendants and a new company, Company C, agreed that Company C would not solicit defendants' employees and that that agreement is *per se* illegal. *Id.* ¶¶ 22-28. With respect to the issues raised in the Motion to Dismiss, the Superseding Indictment's allegations in support of Count 3 are substantially the same as the allegations in support of Counts 1 and 2. Count 3 thus fails as a matter of law for the same reasons that Counts 1 and 2 fail.

## CONCLUSION

The Court should dismiss the Superseding Indictment in its entirety for the reasons stated in defendants' original Motion to Dismiss.

November 10, 2021

SETH P. WAXMAN
DAVID M. LEHN
WILMER CUTLER PICKERING HALE &
DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com
david.lehn@wilmerhale.com

JOHN C. DODDS
ERICA A. JAFFE
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-4942
john.dodds@morganlewis.com

J. CLAY EVERETT, JR.
TRACEY MILICH
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
(202) 739-5860
clay.everett@morganlewis.com
tracey.milich@morganlewis.com

Respectfully submitted,

*s/ John F. Walsh III*

JOHN F. WALSH III
WILMER CUTLER PICKERING HALE & DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80220
(720) 274-3154
john.walsh@wilmerhale.com

HEATHER S. NYONG'O
WILMER CUTLER PICKERING HALE & DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
(628) 235-1007
heather.nyong'o@wilmerhale.com

DANIEL CRUMP
WILMER CUTLER PICKERING HALE & DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
(213) 443-5300
daniel.crump@wilmerhale.com

*Counsel for Defendant DaVita Inc.*

| | |
|---|---|
| CLIFFORD B. STRICKLIN<br>KING & SPALDING<br>1401 Lawrence Street, Suite 1900<br>Denver, CO 80202<br>(720) 535-2327<br>cstricklin@kslaw.com | JEFFREY E. STONE<br>DANIEL CAMPBELL<br>McDermott Will & Emery LLP<br>444 W Lake St.<br>Chicago, IL 60606<br>(312) 984-2064<br>jstone@mwe.com<br>dcampbell@mwe.com |
| JUSTIN P. MURPHY<br>MCDERMOTT WILL & EMERY LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>(202) 756-8018<br>jmurphy@mwe.com | THOMAS M. MELSHEIMER<br>WINSTON & STRAWN LLP<br>2121 N. Pearl St, Suite 900<br>Dallas, TX 75201<br>(214) 453-6401<br>tmelsheimer@winston.com |

*Counsel for Defendant Kent Thiry*

CERTIFICATE OF SERVICE

I certify that on November 10, 2021, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

*s/ John F. Walsh III*
John F. Walsh III

4