IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVITA INC.,

2. KENT THIRY,

        Defendants.

_____

**DEFENDANTS' JOINT MOTION FOR DISCLOSURE OF 801(d)(2)(E) EVIDENCE AND REQUEST FOR JAMES HEARING**
_____

    Defendants respectfully move this Court to schedule and conduct a hearing in which the Antitrust Division of the Department of Justice ("the Division") is required to identify and establish the legal basis for the admission of every out-of-court statement it intends to offer at trial pursuant to Federal Rule of Evidence 801(d)(2)(E), so that the Court can rule before trial on the admissibility of these statements pursuant to *United States v. James*, 590 F.2d 575, 581-82 (5th Cir. 1979), cert. denied, 442 U.S. 917 (1979), and *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994). Defendants have conferred with the Division, which agrees that the Court should hold a *James* hearing and with the proposed schedule below, but does not join this motion or necessarily endorse the specific legal positions set forth herein.

    The parties jointly propose the following schedule: On or before January 26, 2022, the Division shall file its brief to the *James* log, the *James* log, and the exhibits to the log. On or

1

before February 16, 2022, Defendants shall file their response to the Division's filings. On the week of February 21, 2021, the Court shall hold a *James* hearing.

## INTRODUCTION

A *James* hearing is especially important in this case because the Division charges defendants with having participated in "per se unlawful market allocation" conspiracies in violation of the Sherman Act. Gov. Opp. to Mot. to Dismiss ("Opp.") at 5; *see also* Super. Indict. ¶¶ 9-10, 17-18, 25-26.[1] To support this theory of liability, the Division must prove the existence of agreements with the object of allocating markets, and that defendants knowingly entered such agreements. Given this, a *James* hearing is necessary to determine the existence and nature of the purportedly *per se* unlawful agreements to allocate markets.

Further, the Division has produced in discovery over 1.7 million documents containing thousands of statements from current and former employees of DaVita, Inc., Surgical Care Affiliates, Company B, Company C, talent recruitment firms, and other healthcare companies who may have limited or no knowledge relevant to the allegations. It is unclear which, if any, of these individuals the Division will claim to be co-conspirators in the three charged conspiracies, and which, if any, of their statements the Division will claim to have been made during and in furtherance of the alleged conspiracies. *See* Fed. R. Evid. 801(d)(2)(E). The Division has yet to explain, let alone adduce evidence showing, how the alleged agreements are, in fact, *per se* unlawful conspiracies to allocate markets. To facilitate an orderly trial and prevent the severe prejudice to defendants of having the jury exposed to inadmissible evidence, the Court should

---

[1] As the defendants' Motion to Dismiss makes clear, there is no support in the Sherman Act or precedent interpreting the statute to support this sweeping and novel application of the law to the agreements alleged in the Indictment. *See* Def. Mot. to Dismiss.

2

hold a pretrial *James* hearing consistent with the "strong preference" of the Tenth Circuit. *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007).

## LEGAL STANDARD

Federal Rule of Evidence 801(d)(2)(E) provides that a statement "offered against an opposing party and . . . made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay. Fed. R. Evid. 801(d)(2)(E). In order for a co-conspirator statement to be admitted under this rule, the Division must first prove by a preponderance of the evidence that (1) the charged conspiracy existed; (2) the speaker of the statement and the defendant against whom the statement is offered were members of the conspiracy; and (3) the statement was made during the course of and in furtherance of the conspiracy. *United States v. Hall*, 473 F.3d 1295, 1302-03 (10th Cir. 2007); *see also James*, 590 F.2d at 582 (courts should "require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator").

In addition, to establish the existence and scope of a conspiracy, the Division must prove to the Court by a preponderance of the evidence that (1) "there was an agreement to violate the law," (2) "the declarant knew the essential objectives of the conspiracy," (3) "the declarant knowingly and voluntarily took part in the conspiracy," and (4) "the declarant's actions facilitated the actions of other coconspirators or the venture as a whole." *United States v. Rutland*, 705 F.3d 1238, 1249-50 (10th Cir. 2013). Any inference of an agreement "must be more than mere speculation or conjecture." *United States v. Delgado-Uribe*, 363 F.3d 1077, 1083 (10th Cir. 2004).

In the Tenth Circuit, a trial court may make factual determinations regarding the admissibility of co-conspirator statements under Rule 801(d)(2)(E) by using one of two procedures: "(1) it may hold a '*James* hearing,'" which is a preliminary hearing outside the presence of the jury expressly for the purpose of making such determinations; or "(2) it may provisionally admit the evidence with the caveat that the evidence must 'connect up' during trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). The Tenth Circuit has repeatedly expressed its "strong preference for *James* proceedings" in criminal cases. *Townley*, 472 F.3d at 1273 (citing cases); *United States v. Brewington*, 2018 WL 1411274, at *1 (D. Colo. Mar. 21, 2018) (J. Brimmer) (same); *United States v. Penn et al.*, Case No. 1:20-cr-00152-PAB, Dkt. 559, at *2 (D. Colo. Oct. 5, 2021) (J. Brimmer) (same). This strong preference reflects the courts' desire to "avoid the [d]anger of . . . injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes." *James*, 590 F.2d at 582 (quoting *United States v. Macklin*, 573 F.2d 1046 (8th Cir. 1978)).

## ARGUMENT

Defendants are charged with three counts of conspiracy to "allocate" employees, a "*per se* unlawful, and thus unreasonable," restraint of trade in violation of 15 U.S.C. § 1. Super. Indict. ¶¶ 9, 17, 25. The Division alleges that in addition to the two defendants, "[v]arious companies and individuals, not made defendants . . . , participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof." Super. Indict. ¶ 7.

4

Defendants anticipate that at trial, the Division will seek to introduce statements by both charged and uncharged alleged co-conspirators. Yet defendants have received no notice of which statements, or how many such statements, the Division will seek to introduce as co-conspirator statements. Indeed, the approximately 1.7 million documents produced by the Division to date contain thousands of statements that the Division may—or may not—contend were made by uncharged alleged co-conspirators during and in furtherance of an alleged conspiracy. The Division should be required before trial to identify each of the statements it seeks to introduce, and to meet its burden of proof as to their admissibility. By taking these steps prior to trial, the Court can ensure the uninterrupted presentation of testimony to the jury, the orderly progression of the trial, and the avoidance of potential confusion in front of the jury.

Pretrial disclosure will give the Court the time and information needed to determine the existence and scope of the alleged conspiracy and whether the statements qualify as co-conspirator statements. *United States v. Perez*, 989 F.2d 1574, 1579 (10th Cir. 1993) (courts must "carefully ascertain the nature and extent of a conspiracy in determining whether acts or statements can properly be viewed as made during its existence"). Here, the Division has alleged three conspiracies to "allocate" employees, purportedly "*per se* unlawful, and thus unreasonable," restraints of trade in violation of 15 U.S.C. § 1. Super. Indict. ¶¶ 9, 17, 25. And in its Opposition to Defendant's Motion to Dismiss, the Division confirmed that "[t]he Indictment charges that Defendants' employee-nonsolicitation agreements are per se unlawful market allocations." Opp. at 5. *See also* MTD Hr'g Tr. at 27 (Mr. Vigen: "here the indictment alleges a classic per se market allocation agreement").

5

Thus, in order to admit evidence under Rule 801(d)(2)(E), the Division must prove by a preponderance of the evidence that (1) *per se* unlawful *market allocation* agreements existed, (2) the declarant knew the essential objective of the conspiracy was to allocate a market, (3) the declarant knowingly and voluntarily took part in the conspiracy to allocate a market, and (4) the declarant's actions facilitated the actions of other coconspirators or the venture as a whole. *See United States v. Rutland*, 705 F.3d 1238, 1249 (10th Cir. 2013). To do so, the Division will need to identify the market that was allocated. The Division will need to prove by a preponderance of the evidence that defendants not only agreed to restrain trade somehow but specifically agreed to *allocate* the identified market. Moreover, the Division will need to prove by a preponderance of the evidence that the speaker of the statement and the defendant against whom the statement is offered were members of *that* conspiracy and that the statement was made during the course of and in furtherance of *that* conspiracy. *See United States v. Hall*, 473 F.3d 1295, 1302-03 (10th Cir. 2007).

Given these threshold questions, a *James* hearing will ensure that defendants do not suffer undue prejudice if statements are provisionally admitted but later fail to meet the requirements under Rule 801(d)(2)(E). *See Urena*, 27 F.3d at 1491 (noting that the "reason for this preference is that if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up.'"). If the evidence is not "connected up," defendants will be prejudiced in front of the jury, who will have heard (and cannot unhear) the inadmissible evidence. *See James*, 590 F.2d at 581-82. The risk of undue prejudice is especially high in this case, as it is unclear to

6

defendants which individuals the Division will claim to be co-conspirators. Nor has the Division made any showing as to how the alleged non-solicitation agreements are, in fact, evidence of *per se* unlawful conspiracies to allocate markets. Finally, by following this procedure, the parties may be able to narrow the scope of disputes over the admissibility of certain statements while focusing on those statements and issues that require the Court's attention

## CONCLUSION

Defendants respectfully request that this Court conduct a pretrial *James* hearing on the admissibility of alleged co-conspirator statements. To prepare for the *James* hearing, defendants also respectfully request that the Court order the Division to disclose, in advance of the hearing, all statements that it will seek to admit at trial under Rule 801(d)(2)(E), and the proffered evidentiary basis that (1) a conspiracy to allocate markets existed, (2) the declarant and each defendant against whom admission is sought were knowingly a part of that conspiracy to allocate markets, and (3) the statement was made during and in furtherance of that conspiracy to allocate markets. *See, e.g.*, *United States v. Penn et al.*, Case No. 1:20-cr-00152-PAB, Dkt. 326, at *1 (D. Colo. Aug. 4, 2021) (setting a *James* hearing and ordering the Division to provide the defendant "its brief to the James log, the James log, and the exhibits to the log on or before" three weeks prior to the hearing).

The parties have conferred and jointly propose the following schedule: On or before January 26, 2022, the Division shall file its brief to the *James* log, the *James* log, and the exhibits to the log. On or before February 16, 2022, Defendants shall file their response to the Division's filings. On the week of February 21, 2021, the Court shall hold a *James* hearing.

<table>
<tr><td>

December 3, 2021

SETH P. WAXMAN
DAVID M. LEHN
WILMER CUTLER PICKERING HALE &
DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com
david.lehn@wilmerhale.com

JOHN C. DODDS
ERICA A. JAFFE
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-4942
john.dodds@morganlewis.com

</td><td>

Respectfully submitted,

*/s/ John F. Walsh III*
JOHN F. WALSH III
WILMER CUTLER PICKERING HALE & DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80220
(720) 274-3154
john.walsh@wilmerhale.com

DANIEL CRUMP
WILMER CUTLER PICKERING HALE & DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
(213) 443-5300
daniel.crump@wilmerhale.com

J. CLAY EVERETT, JR.
TRACEY MILICH
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
(202) 739-5860
clay.everett@morganlewis.com
tracey.milich@morganlewis.com

</td></tr>
</table>

*Counsel for Defendant DaVita Inc.*

| | |
|---|---|
| CLIFFORD B. STRICKLIN<br>KING & SPALDING<br>1401 Lawrence Street, Suite 1900<br>Denver, CO 80202<br>(720) 535-2327<br>cstricklin@kslaw.com | JEFFREY E. STONE<br>DANIEL CAMPBELL<br>McDermott Will & Emery LLP<br>444 W Lake St.<br>Chicago, IL 60606<br>(312) 984-2064<br>jstone@mwe.com<br>dcampbell@mwe.com |
| JUSTIN P. MURPHY<br>MCDERMOTT WILL & EMERY LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>(202) 756-8018<br>jmurphy@mwe.com | THOMAS M. MELSHEIMER<br>WINSTON & STRAWN LLP<br>2121 N. Pearl St, Suite 900<br>Dallas, TX  75201<br>(214) 453-6401<br>tmelsheimer@winston.com |

*Counsel for Defendant Kent Thiry*

CERTIFICATE OF SERVICE

I certify that on December 3, 2021, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

*/s/ John F. Walsh III*
John F. Walsh III