**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVITA INC.,

2. KENT THIRY,

        Defendants.

_____

**DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE LAY TESTIMONY REGARDING MR. THIRY'S OR ANY DAVITA REPRESENTATIVE'S INTENT, KNOWLEDGE, AND STATE OF MIND**
_____

Defendants move *in limine* to preclude the Antitrust Division of the Department of Justice (the "Division") from soliciting lay witness testimony regarding Kent Thiry's or any other DaVita representative's (collectively, "defendants") intent, knowledge, or state of mind. Defendants anticipate that the Division may attempt to elicit testimony from witnesses, including Individual 1 (the CEO of SCA), Individual 3 (the CEO of Company B), and Individual 4 (the CEO of Company C), among others, that defendants agreed to an agreement with the *intent* to allocate employees.[1] Any attempt by the Division to elicit speculative and conclusory testimony regarding witnesses' opinions about defendants' intent, knowledge, or state of mind is forbidden

---

[1] While this motion seeks to exclude speculative testimony regarding defendants' intent, defendants reserve the right to argue that the Division did not prove the element of intent (including that defendants and their alleged co-conspirators did not knowingly enter into the charged agreements) based on the evidence presented at trial. *See United States v. U.S. Gypsum Co.*, 438 U.S. 422, 435, 443 (1978).

1

under the Federal Rules of Evidence and Tenth Circuit precedent as tantamount to telling the jury what result to reach on an element of the offenses in this case: intent. Moreover, even if such testimony were otherwise admissible, its prejudicial nature and effect far outweighs its probative value.

## ARGUMENT

### I. OPINION TESTIMONY REGARDING DEFENDANTS' INTENT, KNOWLEDGE, AND STATE OF MIND IS IMPROPER UNDER FEDERAL RULE OF EVIDENCE 701

Under Fed. R. Evid. 701, lay opinion testimony must be "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or a fact in issue." The Tenth Circuit has held that opinion testimony about another individual's state of mind may be admissible "if the witness has had sufficient opportunity to observe the accused so as to draw a rational conclusion about the intent of the accused," but "that does not mean all such testimony ought to be indiscriminately admitted." *United States v. Hoffner*, 777 F.2d 1423, 1425-26 (10th Cir. 1985) (affirming the exclusion of lay opinion testimony regarding intent that amounted "only to speculative conclusions"). Preliminary questions "of perception and helpfulness" must be addressed for the testimony to be admissible. *Id.*

In fact, "[t]he purpose of Rule 701 is 'to exclude testimony where the witness is no better suited than the jury to make the judgment at issue, providing assurance against the admission of opinions [that] merely tell the jury what result to reach.'" *United States v. Marquez*, 898 F.3d 1036, 1049 (10th Cir. 2018) (citing *United States v. Brooks*, 736 F.3d 921, 931 n.2 (10th Cir. 2013)); *see also United States v. Henke*, 222 F.3d 633, 642 (9th Cir. 2000) (excluding lay opinion testimony that defendants charged with conspiracy to make false statements to the SEC "must have known" of the alleged scheme because "the jury was in the best position to

determine" the ultimate issue of the defendants' knowledge); *United States v. Anderskow*, 88 F.3d 245, 250-51 (3d Cir. 1996) (holding that lay opinion testimony regarding the defendant's knowledge failed to meet "Rule 701(b)'s helpfulness requirement" because the jury had already heard the facts supporting the opinion); *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) ("When the issue is a party's knowledge . . . we suspect that in most instances a proffered lay opinion will not meet the requirements of Rule 701.").

Here, a critical element of the Division's burden of proof at trial will be the issue of intent—whether defendants knowingly or intentionally entered into an agreement with the object to allocate employees. *See United States v. U.S. Gypsum Co.*, 438 U.S. 422, 435 (1978) ("[A] defendant's state of mind or intent is an element of a criminal antitrust offense which must be established by evidence and inferences drawn therefrom."). The showing of intent involves not merely the "basic intent to agree," but also the "intent to effectuate the object of the conspiracy." *Id.* at 443, n.20; *see also* "Knowingly" Joining the Conspiracy, ABA Model Jury Instructions in Criminal Antitrust Cases 3.K (government must prove defendant joined alleged conspiracy "knowingly," *i.e.* "voluntarily and intentionally" and "with the intent to aid or advance the object or purpose of the conspiracy"); Knowingly—Deliberate Ignorance, Tenth Circuit Criminal Pattern Jury Instruction 1.37 (2021 ed.) ("When the word 'knowingly' is used in these instructions, it means that the act was done voluntarily and intentionally").

Defendants' intent, knowledge, and state of mind will therefore be among the most vigorously contested issues at trial. Defendants expect the jury will hear testimony from numerous witnesses and see hundreds of documents relating to defendants' actions and statements—including many documents in defendants' own words, and potentially testimony

from defendants themselves—that shed light on defendants' intent with respect to the alleged conspiracies. In these circumstances, no single witness's speculation about defendants' intent would help the jury. Indeed, the jury itself will have far more evidence and testimony upon which to draw inferences regarding defendants' state of mind than any single witness who might testify at trial. As such, any speculative and conclusory testimony regarding defendants' state of mind is inadmissible under Fed. R. Evid. 701. *See Hoffner*, 777 F.2d at 1425-26; *Henke*, 222 F.3d at 642.

## II. OPINION TESTIMONY REGARDING DEFENDANTS' INTENT, KNOWLEDGE OR STATE OF MIND IS HIGHLY PREJUDICIAL

In addition, the Court "has not only the discretion but also the duty to exclude evidence of little or no relevance or probative value which might have a prejudicial effect." *Sec. State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971); *see also* Fed. R. Evid. 403. Speculative and conclusory lay opinion testimony about defendants' intent has little probative value as the jury will have access to a multitude of documents and testimony related to the alleged agreements upon which to evaluate defendants' intent. Furthermore, allowing the Division to solicit opinion testimony from lay witnesses about defendants' intent creates substantial danger that the jury would rely on those opinions to "declar[e] guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). Specifically, it creates the risk that the jury accord too much weight to speculation regarding defendants' intent by individual witnesses rather than evaluating the evidence as a whole and arriving at an independent conclusion.

## CONCLUSION

For the foregoing reasons, the Court should preclude the Division from soliciting testimony regarding defendants' intent, knowledge, and state of mind.

December 17, 2021                                     Respectfully submitted,

CLIFF STRICKLIN                                       /s/ John F. Walsh III
KING & SPALDING                                       JOHN F. WALSH III
1401 Lawrence Street, Suite 1900                      WILMER CUTLER PICKERING HALE & DORR LLP
Denver, CO 80202                                      1225 17th Street, Suite 2600
(720) 535-2327                                        Denver, CO 80220
cstricklin@kslaw.com                                  (720) 274-3154
                                                      john.walsh@wilmerhale.com
JEFFREY STONE
DANIEL CAMPBELL                                       JOHN C. DODDS
McDermott Will & Emery LLP                            MORGAN LEWIS & BOCKIUS LLP
444 W Lake St.                                        1701 Market Street
Chicago, IL 60606                                     Philadelphia, PA 19103-2921
(312) 984-2064                                        (215) 963-4942
jstone@mwe.com                                        john.dodds@morganlewis.com

JUSTIN P. MURPHY                                      *Counsel for Defendant DaVita Inc.*
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8018
jmurphy@mwe.com

*Counsel for Defendant Kent Thiry*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), Defendants Thiry and DaVita conferred with counsel for the United States by telephone on December 14, 2021, regarding this motion, and the United States opposes this motion.

## CERTIFICATE OF SERVICE

    I certify that on December 17, 2021, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

                                                */s/ John F. Walsh III*
                                                  John F. Walsh III