# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

    1.  DAVITA INC.,

    2.  KENT THIRY,

        Defendants.

_____

### DEFENDANTS' JOINT MOTION FOR A SUBSTANTIVE PRELIMINARY JURY INSTRUCTION
_____

       Defendants respectfully request that the Court give the jury a substantive instruction at the beginning of trial on the elements of the Sherman Act. Defendants acknowledge that the Court ordinarily instructs the jury on the substance of the charged offense only after the close of evidence. However, a substantive preliminary instruction is appropriate in this case given the complex nature of the antitrust charges at issue, which focus on and will require the jury to draw inferences from facially ambiguous business conduct. A substantive instruction at the outset of the trial will help the jury make sense of the evidence introduced during the three-week trial. This instruction would provide the jurors essential guidance about an unfamiliar, complex and potentially counter-intuitive area of the law, and a framework to use in assessing the evidence. Without the instruction, the jurors will likely struggle to understand the relevance of the evidence.

1

# ARGUMENT

District courts have "great discretion regarding trial procedure applications." *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010). This includes the discretion to instruct the jury on substantive issues before trial. *See* Wright & Miller, Federal Practice and Procedure, Crim. § 483 Procedure for Instructing Jury; Tenth Circuit Pattern Criminal Jury Instruction 1.01 (2021 ed.) (district courts may discuss "the elements of the offense" in preliminary instructions); *Huey v. Jackson*, No. 1:19-cv-934, 2019 WL 6873011, at *6 (W.D. Mich. Dec. 17, 2019) ("[T]he federal courts may instruct the jury before evidence is taken, after the close of arguments, or both.").

In fact, providing substantive preliminary jury instructions reflects the "well-reasoned modern trend" of "outlining the issues and the law involved prior to the taking of testimony." *United States v. Johnson*, 403 F. Supp. 2d 721, 834 (N.D. Iowa 2005). Substantive preliminary jury instructions have recognized benefits. Among other things, they enhance jurors' "attention and memory" by providing them a framework through which to "perceive[]" evidence and comprehend the law. 2 Jurywork Systematic Techniques § 16:28, Aiding juror comprehension of the law—Substantive Preliminary Instructions. Indeed, Chief Judge Brimmer recently came to the same conclusion in another criminal antitrust case, noting that "a preliminary jury instruction would help orient the jury throughout the course of [the] trial." *United States v. Penn, et al.* No. 1:20-cr-00152-PAB, Dkt. No. 603 at 2-3 (D. Colo. Oct. 7. 2021). As Chief Judge Brimmer explained, substantive preliminary instructions create more accurate factfinding because they improve the jury's ability to "understand[] what [they] are looking for," and in turn, "to assimilate evidence and link it to relevant legal issues." 2 Jurywork Systematic Techniques

§ 16:28; *see also* Ann. Manual Complex Lit. § 12.432 (4th ed.) § 12.432 (2004) ("Jurors can deal more effectively with the evidence in a lengthy trial if they are provided with a factual and legal framework to give structure to what they see and hear."); ABA Standards for Criminal Justice § 15-4.4(b) & cmt. (3d ed. 1996) ("The purpose of [preliminary instructions] is to provide the jurors with the basic information necessary to understand the evidence they are about to hear.").

The need to provide a jury with guidance at the outset of trial is especially compelling in the context of a charge under the Sherman Act. The Supreme Court has acknowledged that "[t]he behavior proscribed by the [Sherman] Act is often difficult to distinguish from the gray zone of socially acceptable and economically justifiable business conduct." *United States v. U.S. Gypsum Co. et al.*, 438 U.S. 422, 440-41 (1978). For this reason, courts in this district and elsewhere routinely provide substantive preliminary instructions in antitrust cases. *See, e.g.*, *United States v. Penn, et al.*, No. 1:20-cr-00152-PAB, Dkt. No. 603 at 2-3 (D. Colo. Oct. 7. 2021) (Brimmer, C.J.); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2013 WL 10936486, at *3 (N.D. Cal. July 11, 2013) (granting request for "preliminary instructions on the substantive claims" in antitrust case); *In re Nexium Antitrust Litig.*, No. 1:12-md-02409-WGY (D. Mass. Oct. 20, 2014), Dkt. No. 1100 at 25 (transcript of pre-trial hearing at which court granted defendants' request to give substantive preliminary jury instructions). Indeed, the government itself sometimes moves for substantive preliminary instructions in antitrust cases. *See, e.g.*, United States' Proposed Jury Instructions, *United States v. Chandler, et al.*, No. 2:11-cr-511 (E.D. Cal. Jan. 13, 2014), Dkt. No. 194 at 1, 4-6.

Defendants note that a preliminary instruction would be consistent with this Court's practice. A review of the Court's recent trial docket indicates that the Court often provides

3

substantive preliminary jury instructions in appropriate cases, including cases, like this one, involving alleged conspiracy charges. *See, e.g.*, *Ferraro v. Convercent, Inc. et al.*, No. 1:17-cv-00781 (D. Colo. Feb. 10, 2020) (Jackson, R.), Dkt. No. 96 at 15-20 (listing the elements of all six causes of action, including civil conspiracy, in preliminary jury instructions); *List Interactive, Ltd., et al v. Knights of Columbus et al.*, No. 1:17-cv-00210 (D. Colo. Aug. 27. 2019) (Jackson, R.), Dkt. No. 220 at 3-6 (listing the elements of breach of contract, promissory estoppel, intentional interference, and misappropriation, in preliminary jury instructions).

If anything, this case presents a more compelling need for a substantive preliminary jury instruction than the ordinary antitrust prosecution. As the briefing and argument on defendants' motion to dismiss made clear, the Antitrust Division of the Department of Justice ("the Division") has charged defendants under a novel theory of liability under the Sherman Act—a far cry from the Division's usual (and proper) practice of charging only under clearly established theories of *per se* liability, such as price fixing or geographic allocation. Absent such an instruction, the jury will hear weeks of testimony about alleged no-solicitation agreements and market allocation—topics unfamiliar to most laypersons and most lawyers outside the antitrust bar—without guidance from the Court as to the legal framework for assessing that testimony and evidence. And when the jurors are finally given instructions at the conclusion of trial, they may struggle to reorient their recollection of the testimony given weeks earlier to the new framework. The jury's ability to focus on and distill the evidence would be greatly enhanced by a preliminary jury instruction on the legal elements the government must prove beyond a reasonable doubt and the type of conduct that is or is not lawful.

## CONCLUSION

The Court should exercise its discretion to supplement its usual preliminary instructions with a substantive antitrust instruction. Defendants' proposed language for a preliminary instruction will appear in the proposed jury instructions defendants intend to file on February 7, 2022.

December 17, 2021

CLIFF STRICKLIN
KING & SPALDING
1401 Lawrence Street, Suite 1900
Denver, CO 80202
(720) 535-2327
cstricklin@kslaw.com

JEFFREY STONE
DANIEL CAMPBELL
McDermott Will & Emery LLP
444 W Lake St.
Chicago, IL 60606
(312) 984-2064
jstone@mwe.com

JUSTIN P. MURPHY
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8018
jmurphy@mwe.com

*Counsel for Defendant Kent Thiry*

Respectfully submitted,

*/s/ John F. Walsh III*
JOHN F. WALSH III
WILMER CUTLER PICKERING HALE & DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80220
(720) 274-3154
john.walsh@wilmerhale.com

JOHN C. DODDS
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-4942
john.dodds@morganlewis.com

*Counsel for Defendant DaVita Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), Defendants Thiry and DaVita conferred with counsel for the United States by telephone on December 14, 2021, regarding this motion, and the United States opposes this motion.

**CERTIFICATE OF SERVICE**

    I certify that on December 17, 2021, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

                                          /s/ *John F. Walsh III*
                                            John F. Walsh III