**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVITA INC.,

2. KENT THIRY,

        Defendants.

**DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE COMPENSATION AND FINANCIAL CIRCUMSTANCES EVIDENCE**

Defendant Kent Thiry moves *in limine* for an order excluding any evidence, testimony, or argument regarding his financial circumstances, including personal wealth, compensation, or assets. Mr. Thiry served as the Chief Executive Officer of DaVita, Inc. ("DaVita") and the Chairman of the Board of Directors of DaVita during the charged conspiracies. Dkt. No. 74. His compensation and resulting wealth has no bearing on the elements of the charged offenses. Moreover, disclosure of and argument to the jury about Mr. Thiry's financial circumstances would trigger unnecessary class prejudice, substantially and unfairly prejudicing Mr. Thiry's right to a fair trial. Evidence about wealth or income often encourages juries to equate wealth with wrongdoing. Mr. Thiry would also need to engage in a series of mini-trials about the calculation of his compensation and the absence of a connection between that compensation and the alleged conspiracies. The Court should exclude this evidence.

1

Defendant DaVita joins in this Motion, seeking to exclude any evidence, testimony, or argument regarding its financial circumstances, including data relating to its profits, revenues, stock prices, financial forecasts or other related information. As with the above, such financial information is wholly irrelevant to this case, and even if it were relevant would be unduly prejudicial and would waste the Court's resources. The Court should exclude this evidence as well.

## LEGAL STANDARD

To be relevant, evidence must have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. The Court may also exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury. . . ." Fed. R. Evid. 403. "Unfair prejudice" under Rule 403 "'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee note). The Court has broad discretion on admissibility and "has not only the discretion but also the duty to exclude evidence of little or no relevance or probative value which might have a prejudicial effect." *Sec. State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971).

## ARGUMENT

The Supreme Court has long recognized that "appeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940). Following suit, the Tenth Circuit has

2

made clear that "[r]eference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument." *See Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983). Precedent is clear—"the default rule is not to admit evidence of wealth." *SEC v. Goldstone*, No. CIV 12-0257 JB/GBW, 2016 U.S. Dist. LEXIS 92512, at *48 (D.N.M. June 13, 2016). For this reason, courts throughout the country—and in this district—routinely adhere to the "default rule" and exclude evidence of wealth as irrelevant and/or unfairly prejudicial, confusing, and misleading. *See, e.g.*, *Christou v. Beatport, LLC*, No. 10-cv-02912, 2013 U.S. Dist. LEXIS 78233, at *29-*30 (D. Colo. June 4, 2013) (granting motion *in limine* to exclude evidence about personal finances); *United States v. Stahl*, 616 F.2d 30, 32-33 (2d Cir. 1980) (reversing conviction based on "the prosecutor's trial strategy . . . that obviously included a persistent appeal to class prejudice").

Similarly, evidence of a party's compensation is inadmissible, unless it is relevant to prove an element of the charged offense or to "prove motive and scienter." *See Goldstone*, 2016 WL 3654273, at *55-*59. Thus, where a party's compensation does not speak to motive or scienter, such as in actions sounding in fraud, courts routinely exclude evidence of a party's compensation as irrelevant and prejudicial. *See, e.g.*, *Novey v. Heartland Home Fin., Inc.*, No. 06-cv-00031, 2007 U.S. Dist. LEXIS 56832, at *3 (D. Colo. July 26, 2007) (excluding evidence of compensation as irrelevant); *United States v. Kail*, No. 18-cr-00172, 2021 U.S. Dist. LEXIS 14635, at *26-*27 (N.D. Cal. Jan. 26, 2021); *United States v. Wilmington Tr. Corp.*, No. 15-cr-23, 2017 U.S. Dist. LEXIS 165765, at *20 (D. Del. Oct. 6, 2017).

For these reasons, this court should exclude evidence of Mr. Thiry's and DaVita's financial circumstances.

**I.   ANY EVIDENCE OF MR. THIRY'S PERSONAL FINANCES OR DAVITA'S FINANCES IS IRRELEVANT**

"[R]eferences to the wealth of a party or a financial disparity is always [an] improper argument unless it is relevant to some issue." *Heinrich v. Master Craft Eng'g, Inc.*, No. 13-cv-01899, 2016 U.S. Dist. LEXIS 179281, at *10 (D. Colo. Dec. 28, 2016). Mr. Thiry's compensation, net worth, and personal financial situation is wholly irrelevant to any element of the purported antitrust conspiracies alleged by the government. *See Kail*, 2021 U.S. Dist. LEXIS 14635, at *26 (excluding evidence in fraud prosecution of defendant's "precise salary [a]s not relevant because the scheme alleged does not implicate [defendant's] salary"). Indeed, the Superseding Indictment is devoid of allegations that Mr. Thirty's wealth or financial compensation somehow contributed to or were the motive for his alleged wrongdoing. *See* Dkt. No. 74. Moreover, this case is not a suit sounding in fraud, making clear that Mr. Thiry's wealth and compensation do not speak to motive or scienter. As a result, evidence of Mr. Thiry's wealth or compensation is completely irrelevant to the charged conspiracies to allocate employees by not soliciting them, and the Court should—in accordance with the "default rule"—exclude such evidence pursuant to Rules 401 and 402.

The rationale for excluding Mr. Thiry's wealth and compensation is equally applicable to DaVita—that is, DaVita's finances are wholly irrelevant to the alleged antitrust conspiracies. Any such evidence merely shows that DaVita was and is a highly successful company. Without some connection to the charged conduct—and the Superseding Indictment makes clear that such connection does not exist—this evidence has no bearing on the case before the Court and should be excluded. *See* Fed. R. Evid. 401, 402.

## II.  EVIDENCE OF THE DEFENDANTS' FINANCES WILL CAUSE UNFAIR PREJUDICE, CONFUSION, AND DELAY

Even if the Court finds this evidence to be relevant (it is not), it should nonetheless be excluded as unfairly prejudicial.  Indeed, any potential probative value is completely outweighed by the risk of unfair prejudice to the Defendants.  *See* Fed. R. Evid. 403.  "Evidence regarding a party's income is generally inadmissible, because it prejudices the jury against the party whose situation is being exposed."  *Goldstone*, 2016 U.S. Dist. LEXIS 92512, at *55; *see also Whittenburg v. Werner Enters. Inc.*, 561 F.3d 1122, 1130 n.1 (10th Cir. 2009) ("Comments on the wealth of a party have repeatedly and unequivocally been held highly prejudicial . . . ."); *United States v. Mitchell*, 172 F.3d 1104, 1108-09 (9th Cir. 1999) ("A rich man's greed is as much a motive to steal as a poor man's poverty.  Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value"); *United States v. Jackson-Randolph*, 282 F.3d 369, 378 (6th Cir. 2002) (When wealth is asserted as motive, it "ignores the real possibility" that such wealth "was made possible by legitimate means and, if so, the introduction of such evidence would appeal solely to class prejudice").

Evidence of Mr. Thiry's or DaVita's financial circumstances is unfairly prejudicial "because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime[s] charged."  *United States v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996) (quoting *United States v. Yazzie*, 59 F.3d 807, 811 (9th Cir. 1995)).  This information can only serve to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense[s] charged."  *Old Chief*, 519 U.S. at 180.  The Court should not allow this.

In addition to being unduly prejudicial, the evidence can only serve to cause undue delay, confuse the jury, and waste the Court's time. If the Court were to allow this evidence to be admitted, the defendants must rebut any inference a jury may draw from it. This can only "sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case," leading to confusion and delay. *Fed. Deposit Ins. Corp. v. Clark*, 768 F. Supp. 1402, 1414 (D. Colo. 1989) ("The court has the responsibility to control introduction of evidence that injects collateral issues into the case, or matters that would confuse the jury and not be helpful on the point involved."). The Court should thus exclude this prejudicial and needlessly distracting and confusing information.

## CONCLUSION

Mr. Thiry and DaVita, Inc. respectfully request that the Court exclude testimony, evidence, or argument about their financial circumstances, including compensation, wealth, or assets.

| | |
|---|---|
| December 17, 2021 | Respectfully submitted, |
| CLIFF STRICKLIN<br>KING & SPALDING<br>1401 Lawrence Street, Suite 1900<br>Denver, CO 80202<br>(720) 535-2327<br>cstricklin@kslaw.com | /s/ John F. Walsh III<br>JOHN F. WALSH III<br>WILMER CUTLER PICKERING HALE & DORR LLP<br>1225 17th Street, Suite 2600<br>Denver, CO 80220<br>(720) 274-3154<br>john.walsh@wilmerhale.com |
| JEFFREY STONE<br>DANIEL CAMPBELL<br>McDermott Will & Emery LLP<br>444 W Lake St.<br>Chicago, IL 60606<br>(312) 984-2064<br>jstone@mwe.com | JOHN C. DODDS<br>MORGAN LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>(215) 963-4942<br>john.dodds@morganlewis.com |
| JUSTIN P. MURPHY<br>McDermott Will & Emery LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>(202) 756-8018<br>jmurphy@mwe.com | *Counsel for Defendant DaVita Inc.* |
| *Counsel for Defendant Kent Thiry* | |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a), Defendants Thiry and DaVita conferred with counsel for the United States by telephone on December 14, 2021, regarding this motion, and the United States opposes this motion.

## CERTIFICATE OF SERVICE

I certify that on December 17, 2021, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

*/s/ John F. Walsh III*
John F. Walsh III