IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

 1. DAVITA INC.,
 2. KENT THIRY,

    Defendants.

### RESPONSE TO THE UNITED STATES' MOTION FOR A RULE 17(c) SUBPOENA AND JUDICIAL DETERMINATION OF PRIVILEGE CLAIMS

  DaVita Inc. ("DaVita") submits with this memorandum for *in camera* review the thirteen documents identified in Appendix A, which were the subject of the United States' Motion for a Rule 17(c) Subpoena and Judicial Determination of Privilege Claims [Dkt. No. 101] and the Court's December 8, 2021 Order [Dkt. No. 103].[1]

  Notably, the Division's motion fails to inform the Court that in June and July 2021, before the return of the indictment, DaVita offered to submit these documents (and others) to a judge for *in camera* judicial review and a determination of the privilege claims. The Division did not accept this proposal, yet now submits a motion full of rhetoric, seeking the same relief and accusing DaVita of bad faith.[2] DaVita welcomes the Court's review of these documents and

---

[1] The Division's motion addressed fifteen documents. DaVita has, however, recently produced two of the documents. Those two documents, and DaVita's production letter, are submitted with this filing for context as Exhibits 11-13.

[2] The Division's motion cites a seven-year-old, unrelated N.D. Ga. case, arguing that it is evidence of a pattern of misuse of privilege claims by DaVita. It is no such thing. Contrary to the Division's assertion, the Court was largely supportive of DaVita's privilege assertions. *United States v. DaVita, Inc.*, No. 1:07-CV-2509, 2014 U.S.

1

is available to address any questions the Court may have about them. Appendix A provides additional context that we believe is relevant to the privilege claims for certain of the documents.

The Division's filing also omits much of the underlying context and many relevant facts, including the following:

- The Division issued three grand jury subpoenas to DaVita, two from the Northern District of Texas (Exhibits 1 and 2) and another from the District of Colorado (Exhibit 3), all of which were extraordinarily broad. The second Northern District of Texas subpoena required the production of every document that hit on specified search terms regardless of its relevance to this matter. This swept in many privileged documents having nothing to do with the investigation, resulting in an unusually large privilege log, containing 35,000 entries. Of those 35,000 entries, the Division seeks review of only fifteen. Only seven of those fifteen documents were completely withheld on the basis of privilege; DaVita produced the other eight with limited redactions.[3] In other words, the Division challenges only 0.04% (four 1/100s of 1%) of the entries on DaVita's privilege log, and accepts 99.96% of those entries.

- The Division's suggestion that DaVita withheld all documents that either (a) contained language referencing the privilege or "legal advice" or (b) were sent by or addressed to a

---

Dist. LEXIS 187861, *3 (N.D. Ga. May 21, 2014) ("[T]he Court issued an Order [] setting forth its rulings with regard to an *in camera* review of over 2,000 documents that Defendants withheld as privileged. *The Court sustained the claim of privilege as to the majority of documents*, but found that Defendants had not substantiated their claim of privilege as to certain documents and ordered those to be produced in their entirety or in redacted form.") (emphasis added). In fact, on reconsideration, the Court upheld the application of privilege to documents that had both a legal and business component. *United States ex rel. Vainer v. DaVita Inc.*, 2014 U.S. Dist. LEXIS 187865, *14-*15 (N.D. Ga. Aug. 13, 2014).

[3] Those documents that were produced in this matter with redactions have been provided with the redacted text highlighted to assist the Court's review. Those documents that have been withheld fully will not have highlights.

lawyer is untrue. DaVita assessed each such document for privilege and produced over 7,000 documents with the term "privileged and confidential" in the body of the document; nearly 1,000 documents that reference "legal advice" or "need legal advice"; and over 25,000 documents that were sent by, received by, or copied to counsel for DaVita.

- DaVita made multiple revisions to its privilege log in response to inquiries from the Division during the course of the investigation. In response to the Division's questions about specific documents, DaVita re-reviewed 6,987 documents on the log, revised 4,693 descriptions, and removed 124 documents from the log and produced them in full.

- The Division's motion focuses on a single email that DaVita initially withheld as privileged but ultimately agreed to produce in an effort to be cooperative. The Division fails to advise the Court that the email from Mr. Thiry explicitly requests legal advice from in-house counsel for DaVita who was a recipient of the email on a legal issue directly relevant to DaVita. The email was also addressed to a sitting DaVita Board member who was also concurrently an executive of another company, and the advice requested related to both companies, but it is far from clear that members of DaVita's Board would not be proper recipients of the privileged advice sought on behalf of DaVita. DaVita nonetheless agreed to produce the document in an effort to be cooperative and without waiving privilege as to any other communications, in part because the Division had already sought and received the document from a third-party that had no authority to waive DaVita's privilege. *See* Exhibit 4 (Feb. 17, 2021 letter from Anthony Mariano to Clayton Everett and Jack Dodds); Exhibit 5 (Mar. 2, 2021

3

letter from Clayton Everett to Anthony Mariano); Exhibit 6 (April 14, 2021 letter from Anthony Mariano to Clayton Everett); Exhibit 7 (May 7, 2021 letter from Clayton Everett to Anthony Mariano); Exhibit 8 (May 17, 2021 letter from Clayton Everett to Anthony Mariano); Exhibit 9 (June 23, 2021 email from Clayton Everett to Anthony Mariano in June 24, 2021 chain). The Division now seeks to use DaVita's good faith response as a predicate for arguing that DaVita acted in bad faith.[4]

- The District of Colorado Grand Jury Subpoena issued on June 20, 2021 made a blanket request for 44 documents on DaVita's log, including the fifteen documents at issue here. Exhibit 3 (D. Colo. Subpoena).

- DaVita offered to submit all these documents to a judge before the indictment was issued, but the Division never agreed to this proposal. *See* Exhibit 10 (July 13, 2021 email from Clayton Everett to Megan Lewis in July 21, 2021 chain).

- On July 14, 2021, the Division issued an indictment against DaVita and Kent Thiry.

---

[4] The Division points to another document, which it attaches as Exhibit E to its Motion, as a purported exemplar of documents that include the moniker "need legal advice" which do not involve privileged communications. But, again, the Division omits important context. Exhibit E is an email from Mr. Thiry to unfair@davita.com, a listserv of persons directly involved in supervising the defense of an unrelated litigation matter having nothing to do with the subject matter of this case. It was produced only because the broad subpoena requests—and in particular the requests requiring production of all documents that hit on certain search terms—swept in many documents irrelevant to this investigation. The unfair@davita.com listserv comprised at the time Mr. Thiry, DaVita's General Counsel, DaVita's Chief Compliance Officer, five outside counsel for DaVita from multiple law firms, and a member of the Litigation Committee of DaVita's Board of Directors. In Exhibit E, Mr. Thiry was asking the members of that listserv to consider adding the content of the email to a presentation for the unrelated litigation. It is far from obvious that this communication was not privileged, and it clearly does not evidence some sort of "bad faith" reference to legal advice.

4

In sum, and as these facts show, DaVita has acted in good faith throughout this process. DaVita stands ready to address any questions or otherwise assist in the Court's evaluation of DaVita's privilege assertions with regard to the remaining thirteen documents at issue in the Division's motion.

December 20, 2021

Respectfully submitted,

/s/ John F. Walsh III
JOHN F. WALSH III
WILMER CUTLER PICKERING HALE & DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80220
(720) 274-3154
john.walsh@wilmerhale.com

JOHN C. DODDS
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-4942
john.dodds@morganlewis.com

*Counsel for Defendant DaVita Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 20, 2021, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

*/s/ John F. Walsh III*
John F. Walsh III