IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

       Defendants.

## UNITED STATES' OPPOSITION TO DEFENDANTS' JOINT MOTION TO EXCLUDE COMPENSATION AND FINANCIAL CIRCUMSTANCES EVIDENCE

The United States opposes Defendants' Joint Motion *in Limine* To Exclude Compensation and Financial Circumstances Evidence (ECF No. 110). While the United States would not put on evidence designed to "appeal[] to class prejudice," *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940), evidence of Defendants' financial circumstances is highly probative for several purposes, and the Court should not, prior to trial, wholesale preclude its introduction. First, this evidence is relevant to the context of and motive to enter into the charged market allocation conspiracies, because it shows DaVita and Kent Thiry had a financial interest in the company's success. Second, evidence of Thiry's financial circumstances is relevant to show the context and motive of his co-conspirators in entering and abiding by these market allocation schemes, as certain of Thiry's co-conspirators were beneficiaries of his financial circumstances, particularly through his investments in their businesses. Finally, evidence of DaVita's financial circumstances is relevant to show the motive of co-conspirators in entering and abiding by these conspiracies to avoid retaliation from DaVita, given its size and significance in the industry.

1

Moreover, presentation of evidence regarding Defendants' financial circumstances would not be unfairly prejudicial when offered for these relevant purposes, nor would it cause undue delay.  To the extent Defendants' motion seeks to exclude evidence of wealth or financial circumstances unrelated to relevant facts, the United States will not seek to introduce that evidence.  And denial of Defendants' instant motion would not preclude the Court from excluding evidence of financial circumstances at trial that it believes is not offered for a relevant purpose.  Finally, if necessary and appropriate, any evidence presented by the United States could be cabined by limiting instructions or rebutted through defense evidence.

## BACKGROUND

Defendants are charged with participating in criminal conspiracies to allocate certain employees with competing employers, in violation of Section 1 of the Sherman Act.  ECF No. 110 at ¶¶ 9, 17, 25.  Defendants' financial circumstances are highly probative of Defendants' and co-conspirators' motives under Federal Rule of Evidence 401 and would not be unfairly prejudicial or cause undue delay or confusion under Rule 403.  The United States does not intend to gratuitously refer to Defendants' wealth or lifestyle for reasons untethered to motive or appropriate context.

Instead, the United States anticipates introducing evidence of the financial circumstances of Defendants to show that they were motivated to participate in the charged market allocation conspiracies to sustain DaVita's success as a business and its profitability, and, in the case of Thiry, his own financial circumstances.  For example, the United States intends to introduce evidence that Thiry was a highly compensated DaVita executive, and that his compensation was substantially provided in the form of performance-based incentives, which were based, in part, on his ability to develop and retain employee talent at DaVita.  According to SEC reports, in

2017, Thiry received over $15.3 million in total compensation from DaVita, only $1.3 million of which was a base salary.  *See* DaVita Inc., Proxy Statement (Schedule 14A), at 64 (April 27, 2018).  DaVita's own proxy statement makes clear the importance of retention of employees in determining compensation: "The Company-wide factors taken into consideration by the Compensation Committee to assess . . . contributions include, but are not limited to . . . management performance in attracting and retaining high-performing employees throughout our organization and succession planning." *Id.* at 57.

Additionally, the United States anticipates introducing evidence of Thiry's history of investments to show that, in entering the charged conspiracies, certain of Thiry's co-conspirators were, in part, motivated by the financial implications of maintaining a positive relationship with Thiry.  Finally, the United States also intends to show that DaVita's financial circumstances motivated co-conspirators to join these conspiracies to avoid reprisals from DaVita, which, given its size and significance in the industry, could have significant consequences for those companies.

## ARGUMENT

Evidence showing a defendant's motive for committing the crime charged is generally admissible, *see United States v. King*, 560 F.2d 122, 133 (2d Cir. 1977), *United States v. Bradshaw*, 690 F.2d 704, 708 (9th Cir. 1982), and compensation evidence, in particular, is relevant to a defendant's motive not only in fraud cases but also antitrust cases, *see United States v. Peake*, 143 F. Supp. 3d 1, 18 (D.P.R. 2013) ("Evidence of Peake's compensation is highly probative to show not only that he had a financial interest in the success of the corporation, but also to establish a motive for why Defendant allegedly participated in the conspiracy."); *United States v. Connolly*, 2018 WL 2411216, at *7 (S.D.N.Y. May 15, 2018) ("Evidence concerning

the defendants' compensation is plainly relevant to motive in this case and will not be excluded. If that evidences tars defendants as wealthy, so be it."); *United States v. Robinson*, 763 F.2d 778, 783 n.8 (6th Cir. 1985) (finding that evidence of a defendant's ownership interest in the company is relevant to show his motive for entering the conspiracy). Moreover, "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985).

Probative evidence is excluded under Rule 403 only when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[E]ven though trial courts have considerable discretion in performing the Rule 403 balancing test, exclusion of otherwise admissible evidence under Rule 403 is an extraordinary remedy and should be used sparingly." *United States v. Tennison*, 13 F.4th 1049, 1058 (10th Cir. 2021) (internal quotation marked omitted) (quoting *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001)).

I. **Evidence of the Defendant's Compensation Is Admissible Both as Context of and Motive to Enter into the Conspiracy**

District courts have "broad discretion" to admit compensation evidence so long as it aids "in proving or disproving a fact in issue," such as motive. *United States v. Bradley*, 644 F.3d 1213, 1272 (11th Cir. 2011). And courts have done so, even if such evidence is only "slightly" probative. *Id.*; *see also, e.g.*, *United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (affirming admission of compensation evidence as motive to obstruct federal investigation in protecting reputation of the defendant and his department); *United States v. Schnabel*, 939 F.2d

4

197, 202 (4th Cir. 1991) (affirming admission of compensation evidence in mail fraud case as evidence of the defendant's "substantial monetary stake in the company's continued operations"); *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) (affirming admission of financial circumstances evidence as motive for committing securities fraud and related offenses); *United States v. Porat*, No. CR 21-170, 2021 WL 5139979, at *2 (E.D. Pa. Nov. 4, 2021) (admitting same as motive to commit fraud in protecting organization's reputation).

Here, evidence of Defendants' financial circumstances is admissible to show both context and motive. DaVita's status as a for-profit company and its financial investment in its workforce is relevant to its motivation to retain top talent and minimize business disruption that would result if key personnel were recruited by other companies. Because Thiry was the Chief Executive Officer and Chair of the Board of Directors of DaVita, his compensation is highly probative in showing context for the conspiracy in that "he had a financial interest in the success of the corporation" and establishes "a motive for why Defendant allegedly participated in the conspiracy." *Peake*, 143 F. Supp. 3d at 18. Further, evidence of DaVita's significance and stature in the market is relevant to it and its co-conspirators' motives to enter the agreements. The United States anticipates that evidence will show that Thiry conveyed that DaVita could or would retaliate against companies who recruited from DaVita by widespread targeted poaching of their personnel—and DaVita's financial means to do so is relevant to co-conspirators' motives to agree not to recruit from DaVita. Last, Thiry's financial contributions to the concerns of his co-conspirators are probative of the context for and motive of these co-conspirators in entering the charged conspiracies.

## II.   Evidence of the Defendant's Compensation Would Not Be Unfairly Prejudicial

Evidence of Defendants' financial circumstances is not only highly probative of relevant issues in this case, but also not unfairly prejudicial.  The United States intends to introduce compensation evidence solely for the permissible purposes outlined above: context for and motive to enter into the conspiracies.  This probative evidence should not be excluded simply because it also has the effect of making Defendants appear wealthy—a conclusion the jury will doubtless draw under any circumstances, given DaVita's status as a Fortune 500 company and Thiry's role as its former CEO, *see Bradley*, 644 F.3d at 1272 (finding prejudice "only slight[]" "if they were to be prejudiced at all" where "a reasonable jury would have suspected long before the 'wealth evidence' was presented that the [defendants] were financially well-off").  Any air of unfair prejudice from the admission of evidence of compensation can also be dissipated via limiting instructions.  *Quattrone*, 441 F.3d at 187 ("While evidence of compensation … can unduly prejudice jury deliberations, that evidence may be admitted where other safeguards are employed such as limiting instructions or restrictions confining the government's references.").

Defendants' argument that introduction of any financial circumstances evidence would result in "undue delay" is conclusory and without merit.  To the extent Defendants would seek to rebut evidence of the relative financial positions of the co-conspirators, or the details of Thiry's compensation or relevant investments, there is no reason to believe such rebuttal would take inordinate time such that exclusion under Rule 403 would be justified.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion *in Limine* To Exclude Compensation and Financial Circumstances Evidence should be denied.

DATED: January 14, 2022            Respectfully submitted,

*/s/ Anthony W. Mariano*
Anthony W. Mariano, Trial Attorney
Megan S. Lewis, Assistant Chief
Sara M. Clingan, Trial Attorney
William J. Vigen, Trial Attorney
Terence A. Parker, Trial Attorney
U.S. Department of Justice, Antitrust Division
Washington Criminal II Section
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: 202-598-2737 / 202-598-8145 / 202-480-1951 / 202-353-2411 / 202-705-6156
FAX: 202-514-9082
E-mail: anthony.mariano@usdoj.gov / megan.lewis@usdoj.gov / sara.clingan2@usdoj.gov / william.vigen@usdoj.gov / terence.parker2@usdoj.gov

## CERTIFICATE OF SERVICE

On January 14, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

*/s/ Anthony W. Mariano*
Anthony W. Mariano, Trial Attorney