IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

    Defendants.

## UNITED STATES' SUPPLEMENTAL MOTION *IN LIMINE* TO ADMIT EVIDENCE OF DEFENDANTS' PRACTICE OF FALSELY INVOKING THE ATTORNEY-CLIENT PRIVILEGE

The United States submits the following motion *in limine* to admit evidence of Defendants' practice of copying counsel on correspondence for the sole purpose of making non-privileged communications appear to be privileged. Because this evidence makes elements of this action—the existence of a conspiracy, and Defendants' participation in the conspiracy—more probable, the Court should permit the United States to introduce this evidence.

## BACKGROUND

As set forth in the United States' Motion for a Rule 17(c) Subpoena and Judicial Determination of Privilege Claims (ECF Nos. 101, 102), a former senior executive at DaVita informed the United States that:

> There was a practice at DAVITA of including attorneys on emails just to have the email covered by attorney/client privilege (ACP). THIRY did not keep this practice a secret and would coach people on ACP best practices. THIRY would carbon copy attorneys or place certain verbiage in emails unrelated to the attorney's work just to be covered by ACP. THIRY would put a comment directed to [ATTORNEY] at the end of some emails unrelated to [ATTORNEY] just to be covered by ACP. This was a widespread practice at DAVITA.

1

ECF No. 101 at 2–3; ECF No. 102 Ex. C.  The United States has identified several examples of Defendant Thiry employing this tactic by copying counsel and/or changing email subject lines to give the incorrect impression that email correspondence was for the purpose of obtaining legal advice, including in correspondence related to agreements to suppress competition for employees.  *See, e.g.*, ECF. No. 102 Exs. A-1, A-2, A-4, A-8, F.  The United States intends to introduce this evidence of Defendants' practice of seeking to falsely shield correspondence under the attorney-client privilege as evidence of the existence of Defendants' participation in criminal conspiracies to suppress competition for employees.

## ARGUMENT

The Court should permit the United States to elicit evidence concerning Defendants' practice of copying counsel on communications—including communications concerning the type of hiring restriction agreements charged in this case—for the purpose of falsely cloaking documents in the attorney-client privilege.  This evidence is relevant to the existence of a criminal conspiracy.  *See United States v. Gacnik*, 50 F.3d 848, 852 (10th Cir. 1995) ("[T]he act of concealment may be taken as evidence of a conspiracy").

While the United States need not prove that Defendants possessed criminal intent, evidence that Defendants were sufficiently cognizant of the incriminating nature of their communications such that they chose to conceal such communications can reasonably be inferred to suggest the existence of a criminal conspiracy.  *See United States v. Gold*, 743 F.2d 800, 825 (11th Cir. 1984) (quoting *United States v. Freeman*, 498 F.2d 569, 576 (2d Cir. 1974)) (holding efforts to conceal a conspiracy may support the inference that defendant knew of the conspiracy and joined while it was in operation).

## CONCLUSION

For the foregoing reasons, the supplemental motion *in limine* to admit evidence of Defendants' practice of copying counsel to falsely invoke the attorney-client privilege should be granted.

DATED: February 7, 2022                     Respectfully submitted,

                            */s/ Sara M. Clingan*
                            Sara M. Clingan, Trial Attorney
                            Anthony W. Mariano, Trial Attorney
                            Megan S. Lewis, Assistant Chief
                            William J. Vigen, Trial Attorney
                            U.S. Department of Justice, Antitrust Division
                            Washington Criminal I Section
                            450 Fifth Street, N.W.
                            Washington, D.C. 20530
                            Tel: 202-480-1951
                            E-mail: sara.clingan2@usdoj.gov

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule 7.1(a), the United States has conferred with counsel for DaVita and Thiry regarding this supplemental motion *in limine*.  Defendants oppose this motion.

## CERTIFICATE OF SERVICE

On February 2, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

                            */s/ Sara M. Clingan*
                            Sara M. Clingan
                            Trial Attorney