**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

                Plaintiff,

v.

       1. DAVITA INC.,
       2. KENT THIRY,

                Defendants.

_____

**DEFENDANTS' OPPOSITION
TO THE DIVISION'S EX PARTE MOTION FOR IN CAMERA GIGLIO REVIEW**
_____

Pursuant to Local Rule 47.1(d), defendants object to the Antitrust Division of the Department of Justice's (the "Division") motion seeking "to restrict at Level 3—a restriction to 'the filing party and the court only'—the Motion for *Ex Parte In Camera Giglio* Review and its exhibits, and any order revealing the contents of those document." Dkt. 159 ("Motion to Restrict").

The Division filed its Motion to Restrict on the afternoon of Thursday, February 17, 2022. *Id.* The next day, the Court granted the motion as to the Division's Motion for *Ex Parte In Camera Giglio* Review and its exhibits (Dkt. 161), but denied the motion as to the Division's brief in support of the motion (Dkt. 160). Dkt. 165. Under Local Rule 47.1(d), "[a]ny person may file an objection to [a] motion to restrict no later than three court business days after posting. Absent exigent circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed." Accordingly, defendants file this opposition brief objecting to

the Level 3 restricted status of the Division's Motion for *Ex Parte In Camera Giglio* Review and exhibits (Dkt. 161).[1]

As discussed more fully below, the Division's effort to deprive Defendants of access to information that could be material to the credibility of one of the government's key witnesses occurs against the backdrop of larger issues regarding the government's *Brady* and *Giglio* obligations, which are addressed in Defendant's separate Motion to Compel. Dkt. 135.

## LEGAL STANDARDS

The local rules in this District provide that "[u]nless restricted by statute, rule of criminal procedure, or order, the public shall have access to all cases and documents filed with the court and all court proceedings." D.C.COLO.LCrR 47.1(a). However, a party may file a motion to restrict access to a document filed with the Court. *Id.* at 47.1(b). A motion to restrict must be supported by a brief that, among other things:

> (2) address[es] the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

> (3) identif[ies] a clearly defined and serious injury that would result if access is not restricted; [and]

> (4) explain[s] why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits)[.]

---

[1] Presumably, the exhibits attached to the Division's Motion for *Ex Parte In Camera Giglio* Review are the documents for which it seeks *in camera* review. *See* Dkt. 161-1, 161-2, 161-3, and 161-4. By misusing the *ex parte* procedure, the Division has essentially filed a "phantom" motion *in limine* asking the Court to declare potential trial evidence "immaterial" without an opportunity for the defense to be heard. Defendants should be granted access to the exhibits and the motion, and permitted to respond to the Division's materiality arguments, and potentially to provide the Court with context essential to its decision.

*Id.* at 47.1(c).

A Level 3 restriction is an *ex parte* communication with the Court. *Id.* at 47.1(b) ("Level 3 limits access to the filing party and the court."). Courts "must take great care with respect to *ex parte* communications even in the most exigent of circumstances." *Kaufman v. Am. Fam. Mut. Ins. Co.*, 601 F.3d 1088, 1095 (10th Cir. 2010). "[T]he danger posed by an *ex parte* communication between a litigant and the court is that the court's impartiality may be compromised by the communication itself and the other litigant's inability to refute or clarify the substance of the communication." *Id.*

## ARGUMENT

The Division seeks, *ex parte*, an "*In Camera Giglio* Review." Dkt. 159; *see* Dkt. 161. Only because the Court denied the Motion to Restrict as to the brief in support thereof, *see* Dkt. 165, do defendants know the Division's *ex parte* motion asks the Court to conduct an *in camera* review of material that "concerns sensitive information related to one of [the Division's trial] witnesses." Dkt. 160 at 2. While asserting that the information is "immaterial," the Division admits that its **materiality is arguable**." *Id.* (emphasis added). The Division further asserts that "the documents present countervailing privacy interests." *Id.* The Division argues that maintaining the *ex parte* nature of its motion for *in camera* review would "protect[] against any irreparable harm caused by a disclosure of information protected by privacy interests should the Court ultimately agree with the United States that the information is immaterial and not subject to disclosure." *Id.* at 3.

The Division wholly fails to meet the standard for *ex parte*, Level 3 restriction. The local rules require the Division to "identify a clearly defined and serious injury that would result if

access is not restricted," D.C.COLO.LCrR 47.1(c)(3), but the Division merely refers to unspecified "privacy interests." Nor does the Division explain how these generic privacy interests "outweigh[] the presumption of" access to defendants, if not the public writ large. *Id.* at 47.1(c)(2). And the Division fails to explain why "no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits)." *Id.* at 47.1(c)(4). For example, there is no plausible argument why the witness's privacy interests could not be protected if the Court ordered "attorneys' eyes only" access to defendants. These failures to meet the basic requirements under the local rules alone require denial of the Motion to Restrict.

However, the subject matter at issue makes this an even more clear-cut case. The Division should not be granted license to seek an *ex parte* ruling of the Court concerning "arguabl[y]" "material[]" information about one of the Division's trial witnesses, without the defense being heard. Dkt. 160 at 2. *See Kaufman*, 601 F.3d at 1095 (Courts "must take great care with respect to *ex parte* communications even in the most exigent of circumstances."). If the information is "arguabl[y]" "material[]," as the Division concedes, then the defense must be granted the opportunity to argue that materiality.

As mentioned above, the Division filed this *ex parte* motion against the backdrop of existing motion practice concerning its *Brady* and *Giglio* obligations. Dkt. 135. As set forth in defendants' reply brief in support of their motion to compel, *see* Dkt. 181, since defendants filed their motion to compel the Division has produced a large volume of *new Brady* and *Giglio* material, including:

- More than 630 pages of FBI agents' interview notes, which contain exculpatory information not found in 302s created from those notes;

- A revisionist-history "summary" of a follow up meeting with counsel for the alleged co-conspirator in Count 3; and

- More attorney proffer summaries containing exculpatory and impeaching information.

The Division has not met its burden of showing that Level 3 restricted access is warranted as to its *ex parte* motion. And the Division's disclosures *since* defendants filed their motion to compel make clear that the Division is endeavoring to produce as little as possible while still maintaining to this Court that it has somehow exceeded its discovery obligations. In light of defendants' presumptive right of access to any discussions between a party to this case and the Court, defendants respectfully request that the Court deny the Division's Motion to Restrict access to its Motion for *Ex Parte In Camera Giglio* Review and permit the defense to review those materials under any restrictions the Court believes appropriate.

## CONCLUSION

Accordingly, the Court should deny the motion to restrict filed on February 17, 2022 (Dkt. 159), and permit defendants to review and respond to that motion.

Dated:  February 22, 2022                         Respectfully submitted,

Jeffrey Stone                                     /s/ *John F. Walsh III*
Daniel Campbell                                   John F. Walsh III
McDermott Will & Emery LLP                        Wilmer Cutler Pickering Hale & Dorr LLP
444 W Lake St.                                    1225 17th Street, Suite 2600
Chicago, IL 60606                                 Denver, CO 80220
(312) 984-2064                                    (720) 274-3154
jstone@mwe.com                                    john.walsh@wilmerhale.com

Justin P. Murphy                                  John C. Dodds
McDermott Will & Emery LLP                        Morgan Lewis & Bockius LLP
500 North Capitol Street, NW                      1701 Market Street
Washington, DC 20001-1531                         Philadelphia, PA 19103-2921
(202) 756-8018                                    (215) 963-4942
jmurphy@mwe.com                                   john.dodds@morganlewis.com

*Counsel for Defendant Kent Thiry*                *Counsel for Defendant DaVita Inc.*


## CERTIFICATE OF SERVICE

I certify that on February 22, 2022, I filed the above document with the Clerk of the

Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

/s/ *John F. Walsh III*
John F. Walsh III