IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

          Plaintiff,

v.

   1. DAVITA INC.,
   2. KENT THIRY,

          Defendants.

_____

**JOINT CONFERENCE STATEMENT**
_____

The parties respectfully submit this joint conference statement in advance of the motions hearing scheduled for Thursday, March 3, 2022. In light of the Court's comments at the February 24, 2022, *James* hearing, the parties have met-and-conferred and made a good faith effort to prioritize the motions they believe should be argued at the March 3 hearing. The following chart itemizes the pending motions in this case, identifies the docket numbers for the relevant motion and opposition briefs, and sets forth the parties' positions. As reflected below:

- The parties have agreed to withdraw or defer for ruling as needed at trial ten (10) of the pending motions;

- The parties have agreed that eleven (11) motions should be addressed at the March 3 hearing (certain of which raise similar issues and could be addressed together (*e.g.,* #s 12-14 and #s 15-16));

- The parties disagree about whether two (2) motions should be addressed at the March 3 hearing.

1

- The parties believe that the motions to be argued can be addressed in a half-day, instead of the full day currently scheduled.

**Motions That Do Not Need to Be Argued March 3**

| # | Title | Dkt. No. | Parties' Positions |
|---|-------|----------|--------------------|
| 1. | United States' Omnibus MIL 3 to Exclude Claimed Good Character | 107; 127 | United States withdraws its motion based on Defendants' representations in their opposition and during the meet and confer that they do not intend to introduce improper character evidence. |
| 2. | United States' Omnibus MIL 4 to Exclude Potential Penalties and Consequences of a Conviction | 107; 127 | United States withdraws its motion based on Defendants' representations in their opposition and during the meet and confer that any such evidence or references would be limited to the cross-examination of appropriate witnesses. |
| 3. | United States' Omnibus MIL 5 to Exclude Charging Decisions in This and Other Cases | 107; 127 | United States withdraws its motion based on Defendants' representations in their opposition and during the meet and confer that any such evidence or references would be limited to the cross-examination of appropriate witnesses. |
| 4. | United States' Omnibus MIL 6 to Exclude Claimed Ignorance of the Law | 107; 127 | United States withdraws its motion based on Defendants' representations that they do not intend to offer evidence or argument pertaining to ignorance of the law. |
| 5. | Def. MIL to Exclude Lay Testimony Regarding Mr. Thiry's or Any DaVita Representative's Intent, Knowledge, and State of Mind | 108; 123 | This motion can be deferred and ruled upon at trial, if necessary and upon objection by defendants. |

| # | Title | Dkt. No. | Parties' Positions |
|---|---|---|---|
| 6. | Def. Motion for a Substantive Preliminary Jury Instruction | 109; 124 | Defendants withdraw their motion. The United States seeks a short substantive instruction only as to elements as set forth in its proposed jury instructions. |
| 7. | Def. MIL to Preclude the Division from Characterizing the Alleged Conspiracies as Anything Other Than Agreements to "Allocate" Employees by "Not Soliciting" Them, as Charged in the Superseding Indictment | 111; 122 | This motion can be deferred and ruled upon at trial, if necessary and upon objection by defendants. |
| 8. | United States' Motion for Rule 17(c) Subpoena and Judicial Determination of Privilege Claims | 101; 114 | Parties rest on their written submissions unless the Court wishes to hear argument. |
| 9. | United States' Motion to Restrict | 159; 182 | Parties rest on their written submissions unless the Court wishes to hear argument. |
| 10. | United States' Supp. MIL to Admit Defendants' Practice of Falsely Invoking Attorney-Client Privilege | 138; 176 | This motion can be deferred and ruled upon at trial, if necessary and upon objection by defendants, based on the United States' representation that it does not intend to refer to this issue in its opening statement. |

## Motions That the Parties Propose to Argue March 3

| # | Title | Dkt. | Parties' Positions |
|---|---|---|---|
| 11. | United States' Motion to Exclude Defendants' Expert | 106; 126 | Argue March 3 |

| # | Title | Dkt. | Parties' Positions |
|---|---|---|---|
| 12. | United States' Omnibus MIL 1 to Exclude Purported Procompetitive Justifications or Lack of Harm | 107; 127 | Argue March 3<br><br>The parties submit that the items 12, 13, and 14 can be argued collectively due to overlapping legal issues. |
| 13. | United States' Omnibus MIL 2 to Exclude Claimed Procompetitive or Good Intentions | 107; 127 | Argue March 3 |
| 14. | United States' Supp. MIL to Exclude Insufficient and Irrelevant Evidence for an Ancillarity Defense | 144; 180 | Argue March 3<br><br>The United States withdraws the portion of its motion seeking a pretrial proffer based on Defendants' representations during the meet and confer, but continues to oppose such evidence and argument. |
| 15. | Def. MIL to Exclude Compensation and Financial Circumstances Evidence | 110; 125 | Argue March 3<br><br>The parties submit that items 15 and 16 can be argued collectively due to overlapping legal issues. |
| 16. | Def. Supp. MIL 4 to Exclude Specific Financial Circumstances | 146; 173 | Argue March 3 |
| 17. | Def. Supp. MIL 3 to Exclude Summary Witness and Exhibits | 146; 173 | Argue March 3 |
| 18. | United States' Supp. MIL to Preclude Cross-Examination Concerning Convictions and Extramarital Affair | 139; 177 | Argue March 3 |
| 19. | Def. Supp. MIL 1 to Exclude Uncharged Conduct | 146; 173 | Argue March 3 |

| # | Title | Dkt. | Parties' Positions |
|---|---|---|---|
| 20. | Def. Supp. MIL 2 to Exclude Pre-Conspiracy Events | 146; 173 | Argue March 3 |
| 21. | Def. Motion to Compel Production of Brady Material | 135; 166; 181 | Argue March 3<br><br>The United States submits that items 21 and 22 can be argued collectively due to overlapping legal issues. |

**Motions As To Which the Parties Disagree About Argument on March 3**

| # | Title | Dkt. No. | Parties' Positions |
|---|---|---|---|
| 22. | United States' Supp. MIL to Exclude Evidence of Attorney Proffers | 141; 179 | United States' position: Argue March 3<br><br>Defendants' position: This motion can be deferred and ruled upon at trial, if necessary and upon objection by the United States. |
| 23. | Joint Set of Proposed Final Jury Instructions; Def. Brief ISO Proposed Jury Instructions; Gov. Memo ISO Disputed Proposed Jury Instructions | 174; 175; 178 | United States' position: Argue March 3<br><br>Defendants' position: Defendants believe that any disputes concerning jury instructions can and should be resolved at trial, tailored to the evidence admitted at trial. |

Dated:  February 27, 2022                                            Respectfully submitted,

| | |
|---|---|
| JOHN C. DODDS<br>MORGAN LEWIS & BOCKIUS LLP<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>(215) 963-4942<br>john.dodds@morganlewis.com | /s/ *John F. Walsh III*<br>JOHN F. WALSH III<br>WILMER CUTLER PICKERING HALE & DORR LLP<br>1225 17th Street, Suite 2600<br>Denver, CO 80220<br>(720) 274-3154<br>john.walsh@wilmerhale.com<br><br>J. CLAY EVERETT, JR.<br>MORGAN LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Ave. NW<br>Washington, DC 20004-2541<br>(202) 739-5860<br>clay.everett@morganlewis.com |

*Counsel for Defendant DaVita Inc.*

| | |
|---|---|
| CLIFFORD B. STRICKLIN<br>KING & SPALDING<br>1401 Lawrence Street, Suite 1900<br>Denver, CO 80202<br>(720) 535-2327<br>cstricklin@kslaw.com<br><br>JUSTIN P. MURPHY<br>MCDERMOTT WILL & EMERY LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>(202) 756-8018<br>jmurphy@mwe.com | JEFFREY E. STONE<br>DANIEL CAMPBELL<br>McDermott Will & Emery LLP<br>444 W Lake St.<br>Chicago, IL 60606<br>(312) 984-2064<br>jstone@mwe.com<br>dcampbell@mwe.com |

*Counsel for Defendant Kent Thiry*

Dated:  February 27, 2022                                            Respectfully submitted,

/s/ *Megan S. Lewis*
Sara M. Clingan, Trial Attorney
Anthony W. Mariano, Trial Attorney
Megan S. Lewis, Assistant Chief

6

>William J. Vigen, Trial Attorney
>U.S. Department of Justice, Antitrust Division
>Washington Criminal I Section
>450 Fifth Street, N.W.
>Washington, D.C. 20530
>Tel: 202-480-1951
>E-mail: sara.clingan2@usdoj.gov

*Counsel for United States*

## CERTIFICATE OF SERVICE

I certify that on February 27, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

>/s/ *John F. Walsh III*
>John F. Walsh III