IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

   1. DAVITA INC.,

   2. KENT THIRY,

        Defendants.

_____

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS TO EXHIBITS ACCOMPANYING DEFENDANTS' NOTICE IDENTIFYING SPECIFIC *JAMES* LOG ENTRIES FOR PARTICULAR OBJECTION**
_____

      Defendants submit this brief in support of its Motion for Leave to Restrict Public Access to Exhibits Accompanying Defendants' Notice Identifying Specific *James* Log Entries for Particular Objection. Dkt. 195 (motion to restrict); *see also* Dkt. 193 and 194 (exhibits sought to be restricted). For the reasons stated below, the presumption of public right to access is outweighed by the interest in preserving the confidentiality of grand jury information and the identities of any unindicted individuals or entities. Defendants also seek Level 2 restriction for any related filings, including any responses to this brief identifying confidential grand jury information or unindicted individuals or entities.

## BACKGROUND

On December 3, 2022, defendants filed a motion requesting disclosure of 802(d)(2)(e) evidence and a *James* hearing. ECF 94. On January 26, 2022, the government filed its *James* brief, *James* log, and a co-conspirator guide. ECF 128. The government also sought Level 2 restriction for its *James* brief and its two attachments, as well "any related filings, including any responses to the James brief[.]" ECF 129. On January 28, 2022, the Court granted the government's unopposed request for a Level 2 restriction. ECF 131. At the James hearing held on February 24, 2022, the Court invited defendants to "identify specific documents within the [159] James entries … that they want to call out for particular objection" "[i]f you assume that the Court will be satisfied that for purposes of Rule 801(d)(2)(E) the Government has made a preponderance of the evidence showing of the existence of a conspiracy." Hrg. Tr. 109:4-8.

## DISCUSSION

A. **Legal Standard**

The public has a right to access judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, No. 12-CV-01431-PAB-DW, 2014 WL 12741118, at *2 (D. Colo. Feb. 21, 2014). However, that right is not absolute. *See U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). Rather, the law creates a presumption that the moving party may rebut. A court may restrict public access "when the public's right of access is outweighed by interests which favor nondisclosure." *Viesti Assocs.*, 2014 WL 12741118, at *2.

To restrict public access under D.C.COLO.LCrR 47.1(c), the moving party must state in its brief, among other things: the interests to be protected and why such interests outweighs the

presumption of public access; a clearly defined and serious injury that would result if the court does not restrict access; and why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question. Defendants' proposed restrictions meet each requirement.

### B. Defendants' Proposed Restrictions

Defendants' two exhibits (Dkt. 193 and 194) accompanying their Notice Identifying Specific *James* Log Entries for Particular Objection should be held under a Level 2 restriction because they contain details regarding confidential grand jury information or the identities of unindicted individuals or entities, similar to documents the government has already filed under Level 2 restriction in this matter. This would be consistent with the Court's ruling that the government's *James* brief and its two attachments, any responses, and any related filings may be filed under Level 2 restriction. Dkt. 129; *see also* Dkt. 131. Furthermore, the public's interest in the specific details of confidential grand jury information is minimal. Defendants' exhibits accompanying their Notice Identifying Specific *James* Log Entries for Particular Objection also identify unindicted individuals and entities, which carries the risk of disrupting a government investigation and potentially tarnishing the reputation of these individuals and entities, who at this point have no opportunity to respond. The public interest in this information is low, particularly where a public indictment has been issued informing the public of the allegations at issue here.

## CONCLUSION

For the foregoing reasons, the Court should grant defendants' motion and order Defendants' two exhibits (Dkt. 193 and 194) accompanying their Notice Identifying Specific *James* Log Entries for Particular Objection to be held under Level 2 restriction.

Dated: March 2, 2022

Respectfully submitted,

| | |
|---|---|
| Jeffrey Stone<br>Daniel Campbell<br>McDermott Will & Emery LLP<br>444 W Lake St.<br>Chicago, IL 60606<br>(312) 984-2064<br>jstone@mwe.com | /s/ *John F. Walsh III*<br>John F. Walsh III<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>1225 17th Street, Suite 2600<br>Denver, CO 80220<br>(720) 274-3154<br>john.walsh@wilmerhale.com |
| Justin P. Murphy<br>McDermott Will & Emery LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>(202) 756-8018<br>jmurphy@mwe.com | John C. Dodds<br>Morgan Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>(215) 963-4942<br>john.dodds@morganlewis.com |
| *Counsel for Defendant Kent Thiry* | *Counsel for Defendant DaVita Inc.* |

## CERTIFICATE OF SERVICE

I certify that on March 2, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

*/s/ John F. Walsh III*
John F. Walsh III