IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

    1. DAVITA INC.,

    2. KENT THIRY,

        Defendants.

_____

### BRIEF IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS TO EXPERT REPORT OF DR. PIERRE-YVES CREMIEUX
_____

Defendants submit this brief in support of its Unopposed Motion for Leave to Restrict Public Access to the Expert Report of Dr. Pierre-Yves Cremieux. *See* Dkt. No. 203. For the reasons stated below, the presumption of public right to access is outweighed by the interest in preserving the confidentiality of grand jury information and the identities of any unindicted individuals or entities. Defendants seek Level 2 restriction for the above filing and any related filings, including any responses to those filings identifying confidential grand jury information or unindicted individuals or entities.

### BACKGROUND

On December 17, 2021, the Division moved *in limine* to exclude Dr. Pierre-Yves Cremieux from testifying as an expert under Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702. Dkt. 106. On January 14, 2022, defendants submitted a joint opposition

to the Division's motion to exclude expert testimony. Dkt. 126. On March 3, 2022, this Court held oral argument on the pending motion to exclude Dr. Cremieux's testimony, and instructed defendants produce an expert report. *See* Hr'g Tr. 12-27. Defendants have produced the expert report by Dr. Cremieux, *see* Dkt. No. 201, and now seek Level 2 restriction for such expert report.

## DISCUSSION

### A. Legal Standard

The public has a right to access judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, No. 12-CV-01431-PAB-DW, 2014 WL 12741118, at *2 (D. Colo. Feb. 21, 2014). However, that right is not absolute. *See U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). Rather, the law creates a presumption that the moving party may rebut. A court may restrict public access "when the public's right of access is outweighed by interests which favor nondisclosure." *Viesti Assocs.*, 2014 WL 12741118, at *2.

To restrict public access under D.C.COLO.LCrR 47.1(c), the moving party must state in its brief, among other things: the interests to be protected and why such interests outweighs the presumption of public access; a clearly defined and serious injury that would result if the court does not restrict access; and why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question. Defendants' proposed restrictions meet each requirement.

### B. Defendants' Proposed Restriction

The expert report of Dr. Pierre-Yves Cremieux should be held under a Level 2 restriction because it contains details regarding confidential grand jury information or the identities of unindicted individuals or entities, similar to documents the Division has already filed under Level 2 restriction in this matter.

Furthermore, the public's interest in the specific details of confidential grand jury information is minimal. The expert report also identifies unindicted individuals and entities, which carries the risk of disrupting a government investigation and potentially tarnishing the reputation of these individuals and entities, who at this point have no opportunity to respond. The public interest in this information is low, particularly where a public indictment has been issued informing the public of the allegations at issue here.

### CONCLUSION

For the foregoing reasons, the Court should grant defendants' motion and order the expert report of Dr. Pierre-Yves Cremieux, Dkt. No. 201, and all accompanying exhibits to be held under Level 2 restriction.

Dated:  March 14, 2022                                Respectfully submitted,

| | |
|---|---|
| Jeffrey Stone | /s/ *John F. Walsh III* |
| Daniel Campbell | John F. Walsh III |
| McDermott Will & Emery LLP | Wilmer Cutler Pickering Hale & Dorr LLP |
| 444 W Lake St. | 1225 17th Street, Suite 2600 |
| Chicago, IL 60606 | Denver, CO 80220 |
| (312) 984-2064 | (720) 274-3154 |
| jstone@mwe.com | john.walsh@wilmerhale.com |

| | |
|---|---|
| Justin P. Murphy | John C. Dodds |
| McDermott Will & Emery LLP | Morgan Lewis & Bockius LLP |
| 500 North Capitol Street, NW | 1701 Market Street |
| Washington, DC 20001-1531 | Philadelphia, PA 19103-2921 |
| (202) 756-8018 | (215) 963-4942 |
| jmurphy@mwe.com | john.dodds@morganlewis.com |
| *Counsel for Defendant Kent Thiry* | *Counsel for Defendant DaVita Inc.* |

## CERTIFICATE OF SERVICE

I certify that on March 14, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

*/s/ John F. Walsh III*
John F. Walsh III