IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

    Defendants.

## UNITED STATES' MOTION *IN LIMINE*

The United States submits the following motion *in limine*. Notwithstanding the Court's order preluding evidence or arguments related to ignorance of the law, ECF No. 210, Defendants recently indicated that they intend to ask questions that seek evidence excluded by that ruling, such as asking a participant in the non-solicitation agreement "do you think you committed a crime?" The United States respectfully requests that the Court prohibit this and similar questions in a pretrial ruling because of the unfair prejudice that will result from merely posing the questions in front of the jury, even if objections are sustained. Questions which explore a witness's understanding of illegality suggest that an understanding of the Sherman Act is (or should be) an element of the offense, which it is not. The Court has made clear that Defendants' ignorance of the antitrust laws is not admissible. ECF No. 210. A percipient witness's ignorance isn't either.

On December 17, 2021, the United States moved in limine to exclude "evidence and argument from Defendants that they were ignorant of the Sherman Act or the illegality of the charged nonsolicitation agreements." ECF No. 107. On February 27, 2022, as reflected in the parties' Joint Conference Statement, the Defendants represented that "they do not intend to offer

1

evidence or argument pertaining to ignorance of the law." ECF No. 190. And on March 21, 2022, the Court granted the motion in limine excluding such evidence. ECF No. 210 at 4.

Out of an abundance of caution, the United States sought to confirm with Defendants that they understood the ruling to preclude questions of witnesses such as "do you think you committed a crime" or "did you know the conduct was illegal." Defendants, however, declined to agree, asserting that they "cannot predict or make representations as to whether any specific question to a third party witness will or won't be relevant to the element of intent, as a witness's belief that certain conduct was not illegal may tend to show that the purpose of any agreement was not to allocate markets."

Defendants' assertion is contrary to the Court's ruling, and the well-established case law that ignorance of the law is not a defense. *See* ECF No. 107 at 14–15. Moreover, Defendants have already stipulated to a jury instruction that states: "It is not necessary for the government to prove that the defendant knew that the conspiracy was a violation of the law. Thus, if you find beyond a reasonable doubt that the government proved beyond a reasonable doubt every element of the offense, then the fact that a defendant believed in good faith that what was being done was lawful is not a defense." ECF No. 174; Stipulated Instruction No. 34.

If ignorance of the law is not a defense for Defendants, any witness's ignorance of the law is even further removed from relevance. A witness's lack of familiarity with the Sherman Act does not in any way make it more or less likely that Defendants' purpose for entering the charged conspiracies was to allocate the market for employees. Asking non-lawyer witnesses whether they thought they were committing crimes is simply a backdoor way for Defendants to improperly plant the seeds of nullification in the jurors' minds. *See Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) ("[T]here is no right to jury nullification."). Nor can such objections

be ruled upon during trial—the moment defense counsel asks "did you know this was a crime," even if an objection is sustained before the witness answers, those seeds will be planted.

## CONCLUSION

For the foregoing reasons, the United States' motion *in limine* should be granted.

DATED: March 31, 2022            Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Megan S. Lewis*
　　　　　　　　　　　　　　　　　　　Megan S. Lewis, Assistant Chief
　　　　　　　　　　　　　　　　　　　Sara M. Clingan, Trial Attorney
　　　　　　　　　　　　　　　　　　　Anthony W. Mariano, Trial Attorney
　　　　　　　　　　　　　　　　　　　William J. Vigen, Trial Attorney
　　　　　　　　　　　　　　　　　　　Terence A. Parker, Trial Attorney
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice, Antitrust Division
　　　　　　　　　　　　　　　　　　　Washington Criminal II Section
　　　　　　　　　　　　　　　　　　　450 Fifth Street, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　Tel: 202-598-8145
　　　　　　　　　　　　　　　　　　　FAX: 202-514-9082
　　　　　　　　　　　　　　　　　　　E-mail: megan.lewis@usdoj.gov

## CERTIFICATE OF CONFERENCE

In compliance with Local Rule 7.1(a), the United States conferred with counsel for Defendants regarding this motion *in limine* on March 30, 2022, and counsel opposes this motion.

　　　　　　　　　　　　　　　　　　　*/s/ Megan S. Lewis*
　　　　　　　　　　　　　　　　　　　Megan S. Lewis

## CERTIFICATE OF SERVICE

On March 31, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

　　　　　　　　　　　　　　　　　　　*/s/ Megan S. Lewis*
　　　　　　　　　　　　　　　　　　　Megan S. Lewis