IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

    Defendants.

**UNITED STATES' MOTION FOR A JURY INSTRUCTION**

The United States moves for a supplemental preliminary instruction to cure unfair prejudice and avoid jury confusion resulting from misstatements of law made by counsel during DaVita's opening statement.[1] The Court has wide discretion to provide a curative instruction, and exercising that discretion is particularly appropriate when the error to be cured is a misstatement of the law. Without a curative instruction at this time, there is substantial risk that the jury will listen to witnesses' testimony and view the exhibits through the lens of DaVita's misstatement of the law that contradicted this Court's prior rulings and gave a misimpression of what market allocation requires in this case. To cure this unfair prejudice and be consistent with the Court's rulings, the Court should give the instruction it proposed prior to additional testimony.

---

[1] Although only DaVita's counsel gave an opening statement at the start of the trial, Defendant Thiry's counsel indicated to the Court that they are aligned with DaVita's theory of the case.

### I.     DaVita's Statements are Contrary to the Court's Rulings

Counsel for DaVita argued that Kent Thiry's no poach agreements with competitors at SCA, Hazel Health, and Radiology Partners could not be market allocation agreements because there were hundreds of other companies where DaVita employees could have found new jobs, and improperly implied that it would be necessary to prove that an entire national employment market was allocated.  As previously noted, the Court ruled in its Order Resolving Disputed Jury Instructions:

> Describing the unlawful alleged conduct as an "agreement to allocate the market for employees across the United States" implies that the market allocated needed to be national. The superseding indictment alleges that the no-solicitation agreement extended "across the United States," ECF No. 74 at ¶10, but it does not say that the market allegedly allocated was a market across the United States. To avoid confusion, the geographical language should be dropped.
>
> …
>
> The government does not need to define the "market" allegedly allocated to carry its burden of proof. Market allocation agreements between horizontal competitors — actual or potential competitors at the same level of the market structure — are per se unreasonable restraints of trade in violation of the Sherman Act. *United States v. Topco Associates, Inc.*, 405 U.S. 596, 608 (1972).
>
> …
>
> Finally, the government need not prove that defendants allocated the entire market for employees. The Tenth Circuit made this clear when it said that an agreement may be a horizontal market allocation agreement even though "the alleged agreement would only affect a small number of potential customers." *United States v. Kemp & Assocs., Inc.*, 907 F.3d 1264, 1277 (10th Cir. 2018).

ECF No. 214, 4-5, 8.  Although Defendants suggested today that giving a curative instruction may cause them prejudice, providing a correct instruction on the law is not prejudicial. Moreover, Defendants had the benefit of the Court's ruling at the time counsel misstated the law, and Defendants cannot claim prejudice where they are the ones who introduced the error.

## II.     The Court Should Exercise Its Discretion to Provide a Curative Instruction

District courts have wide discretion to determine whether and when to provide a curative instruction to the jury.  *See United States v. Banks*, 761 F.3d 1163, 1185 (10th Cir. 2014) ("[O]rdinarily we review a trial court's decision regarding the timing of when to provide a specific curative instruction to the jury for an abuse of discretion.").  The language in the Court's proposed curative instruction deals solely with the law the jury will have to apply, not with how the jurors should view particular evidence.  As the jurors will hear during final instructions, the Court is the "judge of the law," and the "jurors, are the judges of the facts."  Tenth Circuit Pattern Jury Instruction 1.03 (2021 ed.).

A curative instruction is necessary here because Defendants' misstatement of the law was not an isolated incident; rather, it was a primary theme of DaVita's opening statement and appears to be a centerpiece of the defense, despite being contrary to the Court's rulings and precedent.  To be sure, the Tenth Circuit has held that a curative instruction is not needed to correct *isolated* errors that happen during a trial because those sporadic instances pose little risk of prejudice.  *See, e.g.*, *United States v. Harrold*, 796 F.2d 1275, 1281 (10th Cir. 1986) (collecting Tenth Circuit cases); *United States v. Taylor*, 514 F.3d 1092, 1100 (10th Cir. 2008) (holding that a curative instruction was not required for an attorney's misstatement of law that "came during opening statements, was not referred to again at any point during the three day trial, and the [attorney] did not attempt to press any improper insinuation to its advantage later in the trial.").  Likewise, the Tenth Circuit has held that a curative instruction is not necessarily required when an attorney makes a misstatement of law in a jury address, but later corrects that misstatement in the same address.  *See United States v. Currie*, 911 F.3d 1047, 1056 (10th Cir. 2018).

Here, the error was not isolated, and has not yet been corrected. Instead, DaVita's opening statement repeatedly and unambiguously told the jury a wrong statement of what the United States must prove, and counsel has indicated that they intend to press this argument as their defense. That is confusing to the jury and unfairly prejudicial to the United States. Providing an instruction promptly will cure the error, since at this juncture, the jury has heard from only two witnesses and seen only a portion of the exhibits that are anticipated to enter evidence during the trial. Thus, a curative instruction given promptly would provide the jury with the proper framework to apply to the evidence presented throughout the rest of the trial.

Dated:  April 5, 2022                     Respectfully submitted,

/s/ Megan S. Lewis
Megan S. Lewis, Assistant Chief
Sara M. Clingan, Trial Attorney
Anthony W. Mariano, Trial Attorney
William J. Vigen, Trial Attorney
Terence A. Parker, Trial Attorney
U.S. Department of Justice, Antitrust Division
Washington Criminal II Section
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: 202-598-8145
FAX: 202-514-9082
E-mail: megan.lewis@usdoj.gov

**CERTIFICATE OF SERVICE**

On April 5, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve notice on all counsel of record.

/s/ Megan S. Lewis
Megan S. Lewis
Assistant Chief