IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

    Defendants.

## UNITED STATES' OPPOSITION TO CIVIL PLAINTIFFS' MOTION TO INTERVENE AND AMEND THE PROTECTIVE ORDER

The United States opposes Interested Parties Scott Keech's and Allen Spradling's Motion To Intervene and Motion for Extension of Deadline for Defendants To Destroy Evidence Relevant to the Civil Action (ECF No. 278). The Court has already been made aware of all the pertinent facts in a prior motion, and, considering them, has ordered Defendants to comply with the Protective Order, *see* ECF No. 43, by June 20, 2022, noting that "[i]f the parties to the civil case wish to obtain some or all of these materials, they presumably will have to use ordinary civil discovery procedures to obtain them from the government in that case." ECF No. 275. Plaintiffs now seek to amend the Protective Order to allow them to obtain the documents from Defendants. Plaintiffs have no right to intervene in this criminal case to ask to extend the deadline by which Defendants must destroy the criminal discovery pursuant to the Protective Order, and, in any event, the relief they seek is not warranted. The Court should deny the motion, and Defendants should comply promptly with the Protective Order.

1

## BACKGROUND

On August 20, 2021, the Court entered a Protective Order in this case. The Protective Order prohibits Defendants from disclosing "any discovery materials (or copies thereof) provided by the government to the defense" except to certain persons and explicitly states that the discovery materials provided to Defendants are "for use solely in connection with this criminal case." ECF No. 43 at 1–2. The Protective Order further dictates, "All Confidential Information turned over to defendants and defense counsel, any copies made thereof, and any documents reflecting information contained within Confidential Information, shall be returned to the United States or destroyed within 30 days after this case is disposed of by trial, appeal, or other resolution of the charges against the defendants." *Id.* at 5. The Protective Order was negotiated between the United States and Defendants, and the United States filed the proposed Protective Order on August 20, 2021. ECF No. 42. Later that same day, the Court entered the order. ECF No. 43. Notably, the Protective Order covers only discovery material produced by the United States to Defendants—it does not cover, nor require destruction of, any original materials in the possession of Defendants or any third party. The Protective Order thus serves only to restore the parties to their position prior to the United States' disclosure of discovery materials to Defendants for purposes of the criminal case.

On May 18, 2022, Defendants moved this Court to amend the Protective Order to extend the time for compliance to June 20, 2022. ECF No. 271. The United States opposed. ECF No. 273. On May 24, 2022, the Court granted the motion, noting: "the Court is only granting the defendants an additional 30 days to comply with this Court's protective order. The Court is not addressing any discovery issues or orders in the civil case. If the parties to the civil case wish to

obtain some or all of these materials, they presumably will have to use ordinary civil discovery procedures to obtain them from the government in that case." ECF No. 275.

## ARGUMENT

I.  **Civil Plaintiffs Have No Basis To Intervene in This Criminal Case for Purposes of Accessing Criminal Discovery Materials.**

There is no established right for a third party to intervene in a criminal case. *See, e.g.*, *United States v. Kollintzas*, 501 F.3d 796, 800 (7th Cir. 2007) ("There is no provision in the Federal Rules of Criminal Procedure for intervention by a third party in a criminal proceeding; intervention in civil proceedings is governed by Rule 24 of the Federal Rules of Civil Procedure, which does not apply in a *criminal* case."); Memorandum and Order at 2, *United States v. Sikes*, 4:15-cr-03128-JMG-CRZ (D. Neb. Nov. 2, 2016), ECF No. 48.  When intervention in criminal cases has been permitted, it "is generally limited to those instances in which a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case." *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004).  This motion does not present any such issues, and "[a] criminal case is not the proper channel for a nonparty to resolve a collateral civil dispute with a criminal defendant." *Id.* at 1073.[1]

Plaintiffs rely on the fact that the civil and criminal claims have overlapping factual allegations.  But "the fact that the civil case is factually related to the criminal case confers no right to intervention." *United States v. Collins*, No. 09-CR-155, 2013 WL 4780927, at *3 (E.D.

---

[1] Plaintiffs contend that "DaVita, Thiry, and the government never consulted or even apprised Plaintiffs to the Civil Action of the Protective Order before it was submitted 'unopposed.'" ECF No. 278 at 4.  Plaintiffs offer no authority, nor is the United States aware of any, that would require the United States to solicit the opinions of third parties prior to declaring a filing unopposed in a criminal case.

Wis. Sept. 5, 2013). The United States is aware of no case—and Plaintiffs do not cite any—in which a civil litigant was able to intervene in a criminal case for purposes of preserving documents for its own discovery.[2] *See* Memorandum and Order at 4, *Sikes*, 4:15-cr-03128-JMG-CRZ, ECF No. 48 ("[T]he court has not found[] any case permitting a private party to intervene in a criminal case to oppose a protective order and eliminate that impediment to discovery in a civil case.").

## II. Plaintiffs Have Not Overcome the Strong Presumption Against Modification of the Protective Order.

Even if Plaintiffs are permitted to intervene, there is no cause to alter the Protective Order. "[T]here is a 'strong presumption against the modification of a protective order.'" *United States v. Maxwell*, 2020 WL 5237334, at *1 n.2 (S.D.N.Y. Sept. 2, 2020) (quoting *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011)); *see also United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) (requiring "good cause" to modify a protective order in a criminal case). Contrary to Plaintiffs' suggestion, the Protective Order was not merely a device to avoid the burden of redaction of personal identifying information. The Protective Order in this case facilitated the prompt and fulsome disclosure of discovery material that the United States provided to Defendants, while protecting the law enforcement interests of the United States, the integrity of ongoing criminal investigation and litigation, and the privacy interests of many third parties who produced information to the United States in the course of the criminal investigation.

---

[2] Plaintiffs cite only two cases in support of their intervention, and only in a footnote. *See* ECF No. 278 at 1 n.1. Neither case supports their view. *See United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004) (denying motion for intervention where "[intervenor] does not claim the infringement of any interest conferred on him by any provision of the United States Constitution or any federal statute"); *Gravel v. United States*, 408 U.S. 606, 608 n.1 (1972) (noting, without addressing the question, that intervention had been permitted to allow a motion to quash a grand jury subpoena, on the basis of the U.S. Constitution's Speech and Debate Clause).

While disclosure of these sensitive materials under the Protective Order was appropriate to allow Defendants to defend themselves against criminal charges, these materials cannot be retained for Defendants to use in another case or for any other purpose, including production to civil litigants. Any civil party seeking materials produced by the United States in these criminal proceedings must (1) seek the underlying material from Defendants or third parties who originally produced them to the United States, and/or (2) seek the material from the United States.  Accordingly, the Court should decline to modify the Protective Order to allow for an indefinite extension.

Plaintiffs' argument that they would rather seek discovery from Defendants than from the United States is not a sufficient reason to amend the Protective Order.  *See* ECF No. 278 at 11 (claiming the "*Touhy* procedures . . . could substantially prejudice Plaintiffs, as compared to what Plaintiffs would ordinarily be able to obtain through standard civil discovery").  The protected materials were produced to Defendants temporarily, to allow for their use in the defense of the criminal case, and for no other purpose.[3]  The only reason the discovery materials came into Defendants' possession was as a result of the United States' compliance with its discovery obligations, and they were turned over with the express restriction that they could not be used for any purpose other than the criminal case.  Plaintiffs are not the intended recipients of the criminal discovery process, which is governed by its attendant constitutional considerations.

For the same reasons the Protective Order—with its provision calling for the destruction or return of Confidential Information—was appropriate when entered, it remains appropriate

---

[3] Plaintiffs protest that "allowing Defendants access to the relevant materials but precluding Plaintiffs from the same materials maintains an inequitable information asymmetry . . . ." ECF No. 278 at 13.  But the Protective Order requires *Defendants* to destroy or return any and all Confidential Information and merely restores the status quo ante, before criminal discovery had been produced by the United States.  Accordingly, compliance with the Protective Order would actually minimize, rather than exacerbate, any information asymmetry between the civil parties.

today.  By complying with the Protective Order, Defendants would not be destroying their own documents, because the materials subject to the Protective Order do not belong to Defendants.[4] Moreover, Plaintiffs would not be left without the ability to pursue their case.  Discovery of underlying substantive documents and communications could be sought from the party who originally produced the material to the United States, including from Defendants.  Additionally, discovery of materials in the civil case could be directed to the United States pursuant to the appropriate *Touhy* regulations.  *See* 28 C.F.R. § 16.21, *et seq*.  Plaintiffs assert that this means Plaintiffs "could not 'use ordinary civil discovery procedures' that this Court had 'presum[ed]' would be available."  ECF No. 278 at 8 (alterations in original).  But Plaintiffs can direct civil discovery requests to the United States, in accordance with the applicable *Touhy* regulations that the United States specifically cited to this Court in its filing last month.  *See* ECF No. 273 ("Discovery of these materials in the civil case should be directed to the United States, pursuant to the appropriate *Touhy* regulations.  *See* 28 C.F.R. § 16.21, *et seq.*").  Seeking to circumvent the *Touhy* regulations is not good cause to justify a modification to the Protective Order.

## CONCLUSION

For the foregoing reasons, Interested Parties Scott Keech's and Allen Spradling's Motion To Intervene and Motion for Extension of Deadline for Defendants To Destroy Evidence Relevant to the Civil Action should be denied.

---

[4] For the avoidance of doubt, the Protective Order does not call for or justify any destruction by Defendants of their own files—only the files produced to them in this matter by the United States.  In order words, the original copies of emails between relevant individuals originally from Defendants' records should be retained by Defendants; only those materials produced by the United States should be destroyed.  *See* ECF No. 43 at 4 ("This Protective Order shall not apply to documents or information obtained by the defendants or defense counsel from a source other than the United States' production of Confidential Information.").

DATED: June 14, 2022               Respectfully submitted,

                                         */s/ Anthony W. Mariano*
                                         Anthony W. Mariano, Trial Attorney
                                         Megan S. Lewis, Assistant Chief
                                         Sara M. Clingan, Trial Attorney
                                         Terence A. Parker, Trial Attorney
                                         William J. Vigen, Trial Attorney
                                         U.S. Department of Justice, Antitrust Division
                                         Washington Criminal II Section
                                         450 Fifth Street, N.W.
                                         Washington, D.C. 20530
                                         Tel: 202-598-2737 / 202-598-8145 / 202-480-1951 /
                                         202-705-6156 / 202-353-2411
                                         FAX: 202-514-9082
                                         E-mail: anthony.mariano@usdoj.gov /
                                         megan.lewis@usdoj.gov / sara.clingan2@usdoj.gov /
                                         terence.parker2@usdoj.gov / william.vigen@usdoj.gov

## CERTIFICATE OF SERVICE

      On June 14, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

                                           */s/ Anthony W. Mariano*
                                           Anthony W. Mariano, Trial Attorney