IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,

2. KENT THIRY,

    Defendants.

**INTERESTED PARTIES SCOTT KEECH AND ALLEN SPRADLING'S REPLY IN SUPPORT OF MOTION TO INTERVENE AND MOTION FOR EXTENSION OF DEADLINE FOR DEFENDANTS TO DESTROY EVIDENCE RELEVANT TO THE CIVIL ACTION**

    Interested parties Scott Keech and Allen Spradling, Plaintiffs in the parallel civil litigation *In re Outpatient Medical Center*, No. 1:21-cv-00305 (N.D. Ill.) ("Civil Action"), submit this Reply to update the Court on subsequent developments in the Civil Action, and to address the briefs filed by Defendants DaVita, Inc. and Kent Thiry (ECF No. 279) and the United States (ECF No. 281) in response to Plaintiffs' Motion (ECF No. 278). Plaintiffs state as follows:

    1.    Earlier today, the Court in the Civil Action set a telephonic hearing regarding Defendants' pending motion for protective order seeking permission to destroy evidence subject to the United States' destruction demand, and Plaintiffs' forthcoming motion to compel preservation, for June 16, 2022 at 11:00 AM CDT. Civil Action, ECF No. 143. The Court in the Civil Action set a deadline of June 15, 2022 at 5:00 PM CDT for Plaintiffs to file an opposition to Defendants' motion. *Id.*

1

2. Meanwhile, Defendants are *currently* in the process of destroying the documents subject to the United States' demand, potentially resulting in irreparable prejudice to Plaintiffs. In Defendants' response to Plaintiffs' motion in this case, they say they "have made and continue to make substantial efforts to comply with this Court's Protective Order," and that "deleting millions of pages of Confidential documents takes time." ECF No. 279 at 2 and 4. This is in direct contravention of their preservation obligations regarding the pending Civil Action, and Plaintiffs reserve all rights to seek remedies resulting from any spoliation, including but not limited to adverse inferences. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (spoliation sanction proper when "a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent.") Defendants would presumably halt these destruction efforts if this Court extended the Monday destruction deadline. Plaintiffs respectfully urge this Court to extend that deadline as soon as possible, to avoid spoliation. Defendants confirmed that they do not oppose such an extension. ECF No. 279 at 1.

3. Defendants also contend that Plaintiffs have "sat on their rights." ECF No. 279 at 2. This is false. It is not Plaintiffs' obligation to file motions to intervene in every pending case in the country that may involve evidence relevant to their claims, obtain modifications to protective orders, and halt the destruction of relevant evidence. Defendants have an affirmative duty to "preserve documents and data that may be relevant to the litigation." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 929 (N.D. Ill. 2021) (holding litigants are "duty-bound" to preserve relevant material in their "possession, custody, or control"). The duty to preserve relevant information is a bedrock principle of civil litigation and arises even before litigation commences. *Id. See also Joseph v. Carnes*, 566 F. App'x 530, 535 (7th Cir. 2014) ("A party has a duty to preserve evidence over which it had control and reasonably knew or could

reasonably foresee was material to a potential legal action.") (quoting *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F.Supp.2d 786, 800 (N.D. Ill. 2010)).  Defendants cannot relieve themselves of their duty to preserve evidence because Plaintiffs are taking steps to prevent Defendants from willfully destroying that evidence.

4.  Plaintiffs have diligently pursued their discovery rights at every opportunity.  On March 12, 2021, the United States moved to intervene in the Civil Action and moved to stay nearly all civil proceedings, including discovery.  Civil Action, ECF No. 30.  Plaintiffs did not object to the United States' motion to intervene (in contrast to the United States objecting to Plaintiffs' intervention here), but opposed the United States' efforts to stay discovery.  Civil Action, ECF No. 36.  One of Plaintiffs' arguments in opposition to a discovery stay was that it would impair efforts to preserve relevant documents.  *Id.* at 3.  On March 25, 2021, the Court in the Civil Action agreed with the United States and stayed discovery.  Civil Action, ECF No. 40.  Plaintiffs continued to press for discovery, over the United States' opposition, including in hearings before the Court in the Civil Action.

5.  On May 17, 2021, the Court in the Civil Action left the stay in place, but made an exception for "the issuance of discovery necessary to preserve evidence[.]"  Civil Action, ECF No. 47.  Over Plaintiffs' repeated and consistent objections, the Court extended the discovery stay several times.  *See*, *e.g.*, Civil Action, ECF Nos. 83 (Nov. 1, 2021), 93 (Dec. 15, 2021), and 139 (June 1, 2022).

6.  In the meantime, Plaintiffs served requests for production, to leave no doubt regarding what materials Plaintiffs considered to be relevant to their claims, and to ensure preservation of relevant evidence.  For instance, as far back as January 7, 2022, Plaintiffs served their Second Set of Requests for Production on Defendants, including DaVita and Thiry.  These

RFPs included: "2. All documents regarding any government investigation, review (including merger review), or enforcement activity, regarding any of the defendants, the misconduct alleged by the government or Plaintiffs, or the DOJ Action, including any communications, presentations, or position papers." The RFPs defined "DOJ Actions" to mean "investigations leading to or prosecutions resulting from the DOJ Indictments," which were "filed in *United States of America v. Surgical Care Affiliates, LLC, et al.*, No. 3-21-cr-0011-L, Dkt. 1 (N.D. Tex. Jan. 5, 2021) ('SCA Indictment' or 'DOJ Texas Action') and *United States v. DaVita Inc., et al.*, No. 21-cr-00229-RBJ (D. Colo. July 14, 2021) ('DaVita Indictment' or 'DOJ Colorado Action')." This RFP covers the material subject to the United States' destruction demand.

7. Plaintiffs attempted to meet and confer with Defendants regarding these RFPs, but Defendants refused, and refused to even serve responses and objections, on the basis of the ongoing discovery stay. Indeed, to this very day, DaVita and Thiry have not served responses and objections to Plaintiffs Second Set of RFPs. In a May 20, 2022 status report filed in the Civil Action, DaVita and Thiry wrote that they would not provide responses and objections until "on or about June 24, 2022," four days after the destruction deadline. Civil Action, ECF No. 137 at 19.

8. DaVita and Thiry informed Plaintiffs of their planned destruction of relevant evidence for the first time less than one month ago. In their Response, DaVita and Thiry confirm they did not raise the possibility that they would willfully destroy relevant evidence until discussions in May 2022 leading up to the status report filed in the Civil Action on May 20, 2022. ECF No. 279 at 2.

9. The Parties to the Civil Action and the United States discussed this matter during a status hearing in the Civil Action on June 1, 2022. The Parties and the United States could not

come to an agreement regarding the dispute, and the Court directed the parties to work toward a resolution. DaVita and Thiry assert that "Plaintiffs took no action at all for another week." ECF No. 279 at 3. This is false.

10. The very next day, on June 2, 2022, Plaintiffs met and conferred with the United States, and sought confirmation that the United States would produce to Plaintiffs the documents subject to the United States' destruction demand, even if Plaintiffs agreed to wait until the related criminal trial in the Texas case had concluded. The United States refused to provide any assurance whatever regarding what it would and would not produce, now or in the future, partly on the basis that the discovery stay—that the United States urged the Court in the Civil Action to adopt over Plaintiffs' objections—precluded even discussing the topic. Had the United States provided that assurance, Plaintiffs could have avoided the burdensome process now unfolding in this Court and in the Civil Action. The United States also insisted that the only discovery process it would entertain was an internal administrative process pursuant to "*Touhy* regulations." The United States also confirmed, during the June 1 hearing in the Civil Action, that it is under no policy or regulation to preserve the materials.

11. Plaintiffs thereafter examined the legal standards and process for a "*Touhy* request," and confirmed it had the potential to irreparably prejudice Plaintiffs. If Defendants destroyed the evidence at issue, and the United States thereafter decided to deny those documents to Plaintiffs, Plaintiffs' only recourse would be to challenge the United States' *Touhy* determination in the Civil Action. According to the United States, its unilateral decision is not even subject to review and, even if it were, can only be overturned upon a showing that it was arbitrary and capricious. *See*, *e.g.*, *United States v. Rodgers,* No. 4:20-CR-00358, 2022 WL 1074013 (E.D. Tex. Apr. 8, 2022). This is a far cry from the "ordinary civil discovery

5

procedures" this Court presumed would apply to Plaintiffs seeking the evidence from the United States. ECF No. 275.

12. Accordingly, Plaintiffs determined that the only way to preserve their rights and avoid the potential for irreparable prejudice was to seek the documents from DaVita and Thiry directly. Plaintiffs have been diligently attempting to do just that.

13. The United States' Opposition to Plaintiffs' Motion (ECF No. 281) only confirms that this Court should extend the document destruction deadline.

14. With respect to intervention, the United States contends that it should be limited to instances in which a third party's "federal rights are implicated." ECF No. 281 at 3. But that is the case here: Plaintiffs' rights under the federal antitrust laws are implicated by whether evidence relevant to those claims are destroyed. Contrary to the United States' arguments, Plaintiffs are not asking this Court to resolve any issue pending in the Civil Action. To the contrary, whether Defendants should preserve the documents subject to the United States' destruction demand is set for hearing in the Civil Action this Thursday, June 16. Plaintiffs merely ask this Court to extend the destruction deadline, so that if the Court in the Civil Action orders preservation, Defendants may do so before it is too late.

15. The United States also incorrectly contends that Plaintiffs are seeking to modify the protective order. ECF No. 281 at 4-6. Plaintiffs are not. The protective order already contains within it the mechanism to preserve the documents: an order from another Court directing that they be preserved. ECF No. 43 at 5. That order may be forthcoming from the Court in the Civil Action. In the meantime, Plaintiffs merely seek to preserve the status quo and extend the destruction deadline.

16. The United States asserts that no prejudice will result from the destruction of millions of relevant documents, because it will only "restore the parties to their position prior to the United States' disclosure of discovery materials to Defendants." ECF No. 281 at 2. This is wrong. The protective order provides: "Defense counsel will be permitted to retain their own work product, notwithstanding that it may reflect information contained within Confidential Information." ECF No. 43 at 5. Thus, DaVita and Thiry would retain their own summaries and other work product reflecting Confidential Information, while Plaintiffs would be left in the dark. Even when the discovery stay in the Civil Action is lifted, DaVita and Thiry will withhold these documents on the basis of work product. In addition, while documents can be deleted, attorney memories will remain. Allowing millions of documents to be destroyed would not function as a kind of time machine, bringing DaVita and Thiry back to before the United States' prosecution. It would only maintain a highly prejudicial information asymmetry as between Plaintiffs and Defendants, with no assurance that Plaintiffs would ever be able to get the underlying documents.

17. The United States articulates no prejudice that would be suffered by anyone if the Defendants are permitted to retain the documents pending a decision by the Court in the Civil Action. There would be none.

18. The United States again makes no assurance whatever regarding what documents it will later provide to Plaintiffs and what documents it will withhold, confirming that the only method by which Plaintiffs can preserve their rights is by obtaining the documents from Defendants.

19. The United States also fails to describe any process it has undertaken to ensure that the documents it is preserving are identical to the documents it demands the Defendants destroy. At a minimum, this should occur before any evidence destruction occurs.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to intervene and extend the deadline by which Defendants must destroy or return confidential information until thirty days following an order from the Court in the Civil Action permitting the destruction. In the alternative, Plaintiffs request that the Court issue an order extending the deadline by which Defendants must destroy or return confidential information until August 20, 2022, subject to modification by agreement or further motion of the Parties and Plaintiffs.

Dated: June 14, 2022   Respectfully submitted,

*/s/ Anne B. Shaver*
Dean M. Harvey
Anne B. Shaver
Lin Y. Chan
Michelle A. Lamy
Sarah Zandi
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
dharvey@lchb.com
ashaver@lchb.com
lchan@lchb.com
mlamy@lchb.com
szandi@lchb.com

Jessica A. Moldovan
LIEFF CABRASER HEIMANN &BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com

Linda P. Nussbaum
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com

Michael L. Roberts
Kelly Rinehart
Karen Halbertuper
ROBERTS LAW FIRM US, PC
1920 McKinney Ave., Suite 700
Dallas, TX 75204
(501) 821-5575
mikeroberts@robertslawfirm.us
kellyrinehart@robertslawfirm.us
karenhalbert@robertslawfirm.us

Joseph R. Saveri
Steven N. Williams
JOSEPH SAVERI LAW FIRM, INC.
601 California Street, Suite 1000
San Francisco, California 94108
Tel: (415) 500-6800
Fax: (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com

*Interim Co-Lead Class Counsel for Plaintiffs in the Civil Action*

**CERTIFICATE OF SERVICE**

I certify that on June 14, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

Dated:  June 14, 2022                                   */s/  Anne B. Shaver*
                                                        Anne B. Shaver

10