IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Criminal Case No. 1:21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.
2. KENT THIRY

    Defendants.

ORDER re CONFIDENTIAL INFORMATION

    On August 20, 2021 the Court entered a Protective Order in a form proposed by the United States and not opposed by the defendants. ECF No. 43. The order identified discovery materials provided by the government as "Confidential Information" and specified that "[a]ll confidential information turned over to defendants and defense counsel, any copies made thereof, and any documents reflecting information contained within Confidential Information, shall be returned to the United States or destroyed within 30 days after this case is disposed of by trial, appeal, or other resolution of the charges." *Id.* at 1, 5.

    Following a jury verdict in favor of defendants, the Court entered judgments of acquittal on April 20, 2022. ECF Nos. 266 and 267. On May 18, 2022 defendants filed a joint motion for extension of time to comply with the Protective Order. ECF No. 271. Defendants acknowledged that they were required to return or destroy the Confidential Information by May 20, 2022. *Id.* at ¶4. However, due to claimed logistical reasons resulting from the volume of the confidential documents and the coordination of the defense among multiple law firms, and also because

defendants are parties to a "related civil case" in the Northern District of Illinois in which the court has ordered the parties to "take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation," defendants requested an additional 30 days to comply with the Protective Order in the present case. *Id.* at ¶¶5-9. The government opposed the extension. ECF No. 273. However, it informed the parties to the civil case that it would retain the documents. *Id.* at 6.

On May 24, 2022 the Court by minute order granted the requested 30-day extension. It further specified,

> However, the Court is only granting the defendants an additional 30 days to comply with this Court's protective order. The Court is not addressing any discovery issues or orders in the civil case. If the parties to the civil case wish to obtain some or all of these materials, they presumably will have to use ordinary civil discovery procedures to obtain them from the government in that case.

*Id.*

On June 13, 2022 the plaintiffs in three civil actions in the Northern District of Illinois, Scott Keech and Allen Spradling, moved to intervene in the present case for the purpose of requesting an order further extending the June 20, 2022 deadline for Davita Inc. and Kent Thiry to comply with this Court's protective order. ECF No. 278. They expressed concern that the documents produced by the government and covered by the Protective Order in the present case will be destroyed. *Id.* at 3. Defendants responded that they take no position on the civil plaintiffs' motion, but they intend to comply with the June 20, 2022 deadline by destroying the documents. ECF No. 279. The government opposes the civil plaintiffs' motion. ECF No. 281. The civil plaintiffs have replied. ECF No. 281.

The parties misconstrue the Protective Order as requiring destruction of the Confidential Information. It expressly provided that the Confidential Information would be "returned to the United States or destroyed." The Court now orders that to the extent the Confidential

Information has not already been destroyed, it must be returned to the government and preserved by the government for potential production in civil and/or criminal litigation as might be ordered by the presiding judges in such cases. The Court further orders the government to do as it represented in ECF No. 273, namely, to retain the originals of the subject documents, meaning the documents that were copied and produced to the defendants as Confidential Information in the present case. It is this Court's intent that the parties comply with the Protective Order but that the information not be destroyed or lost. Rather, it should be available to the parties to other cases to the extent ordered by the judges in those cases.

## ORDER

The civil plaintiffs' motion to intervene, ECF No. 278, is DENIED. The Court will not further extend the deadline for defendants to comply with the Protective Order. However, the Court modifies the Protective Order only to the extent that it orders defendants to comply by returning, not destroying, the Confidential Information to any extent the Confidential Information was not already destroyed before the issuance of this order. The Court orders the government to retain the originals of the Confidential Information and the copies returned to the government by defendants for potential production in such other civil and criminal cases as might be ordered by the presiding judges in those cases.

Dated this 15th day of June, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States Senior District Judge